## The Illinois Central Railroad Company

*v.*

## David A. Maffit.

1. Negligence—*rule in case of comparative negligence.* The rule adopted by this court in respect to comparative negligence is, that the plaintiff, although guilty of some negligence, may nevertheless recover if the defendant is guilty of such a degree of negligence as, when compared, that of the plaintiff is slight, and that of the defendant is great.

2. In a suit against a railway company to recover for injury sustained by a collision with its train, on the ground of negligence in not giving the statutory signals before reaching a public crossing, an instruction leaving the jury at liberty to find for the plaintiff, even if they found he was guilty of *great* negligence, provided the defendant was only guilty of more negligence, does not state the law of comparative negligence correctly.

3. Same—*instruction as to what is.* In such action, the court instructed the jury that, if they "believed, from the evidence, that the persons in charge of the engine in question saw the top of the plaintiff's wagon as it approached the crossing, and continued to see the same until the wagon reached such crossing, and that persons approaching such crossing from the east could not see a train until they were within about thirty feet of such crossing, then it was the duty of such persons in charge of said train to have slackened the speed of said engine, and to have warned the plaintiff of its approach by sounding its whistle or ringing a bell, and a failure to do so would be negligence on the part of the defendant:" *Held,* that the instruction was calculated to confuse, and ought not to have been given.

4. Instructions—*should be correct in themselves, without reference to those of the other party.* In a case where the evidence is conflicting, each

party has a right to have the jury clearly and accurately instructed as to the law of the case. In such a case, the fact that the law is accurately stated on one side will not obviate errors in those given for the other party.

APPEAL from the Circuit Court of Macon county; the Hon. A. J. GALLAGHER, Judge, presiding.

The facts of the case are stated in the opinion of the court. The instructions given for the plaintiff, referred to, are as follows:

"4. If the jury believe, from the evidence, that the persons in charge of the engine in question saw the top of the plaintiff's wagon as it approached the crossing, and continued to see the same until the wagon reached such crossing, and that persons approaching such crossing from the east could not see a train until they were in about thirty feet of such crossing, then it was the duty of such persons in charge of said train to have slackened the speed of said engine, and to have warned the plaintiff of its approach by sounding its whistle or ringing a bell, and a failure to do so would be negligence on the part of the defendant."

"5. The court instructs the jury, on behalf of the plaintiff, that, if they believe, from the evidence, that the agents of the defendant were guilty of gross negligence, or wantonly and recklessly ran their engine into the wagon of the plaintiff on the crossing of a public highway, then the jury may assess against the defendant, not only the value of the property destroyed and compensation for the personal injuries received by the plaintiff, but such additional amount as a punishment to the defendant for such wantonness and recklessness, as the jury, from all the evidence, may deem just and proper, the aggregate not to exceed the amount claimed in the declaration."

"7. If the jury believe, from the evidence, that the plaintiff was guilty of some negligence in approaching the crossing where he was injured, still if the jury believe, from the

evidence, that the defendant was guilty of negligence in running its train, at the place where such collision occurred, and that such negligence of defendant was greater than the negligence of the plaintiff, then the jury should find for the plaintiff."

Messrs. NELSON & ROBY, for the appellant.

Messrs. CREA & EWING, and Mr. A. B. BUNN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by appellee, in the Macon circuit court, against appellant, for personal injury and loss of property, alleged to have been occasioned by appellant in running a locomotive and train of cars against appellee's wagon, killing and crippling his horses and destroying the wagon, etc. The declaration was in the usual form. Appellant pleaded not guilty, and the case was tried by the court and a jury, the trial resulting in a verdict in favor of appellee for $450.

The court, after overruling a motion for a new trial, rendered a judgment on the verdict, and the case is brought to this court on appeal. The errors assigned question the correctness of the instructions given for appellee, and it is insisted they misled the jury to the finding of an erroneous verdict.

This is the second of appellee's instructions:

"If the jury believe, from the evidence, that an engine of defendant struck a wagon of the plaintiff, in which he was riding, at a point where the railroad of defendant crossed a public highway, and if the jury believe, from the evidence, that no bell was rung or whistle blown on said engine, 80 rods north of said crossing, and kept ringing or whistling at intervals until such crossing was reached by such engine, then such failure to ring or whistle was *prima facie* negligence; and

28—67TH ILL.

if the jury further believe, from the evidence, that such neg-
ligence caused or contributed to the injury of the plaintiff,
and that the plaintiff was not equally negligent in approach-
ing such crossing, then the jury should find for the plaintiff."

This instruction fails to state the law accurately. The rule
adopted by this court is, that a plaintiff, although guilty of
some negligence, may, nevertheless, recover, if upon com-
paring the negligence of the respective parties, that of the
plaintiff is slight, and that of defendant is great.

This instruction, in violation of the rule, informed the jury
that, even if appellee was guilty of negligence, still if appel-
lant was guilty of greater negligence, he might recover.
This left them at liberty, even if they found that appellee
was guilty of great negligence, to find for him if appellant
was only guilty of more negligence. This is not the law.
It only authorizes a recovery where a plaintiff is guilty of
negligence which is slight as compared with that of the de-
fendant. See *Chicago, B. and Q. R. R. Co.* v. *Van Patten,* 64
Ill. 510.

The seventh instruction is obnoxious to the same objection,
and neither should have been given, as they were calculated
to mislead.

The fourth of appellee's instructions seems to be calculated
to confuse. If seems to assume that the engineer might have
seen the wagon, when appellee, in the wagon, could not see the
locomotive. Whilst it might be possible that two persons
could be so placed that one might see the other, and the lat-
ter not be able to see the former, yet we are not able to im-
agine such a case, and we fail to find that the evidence proves
that the parties were so situated in this case. We are clearly
of the opinion that the evidence did not warrant the giving
of this instruction as it was framed, and it should have been
refused.

The fifth instruction, although somewhat differently framed,
is fully as defective in defining comparative negligence as the

second and seventh, and should not have been given. Nor is it an answer to say, that the instructions on the part of appellant were more accurate.

In a case where the evidence is conflicting, and there may be doubt, each party has an indubitable right to have the jury clearly and accurately instructed as to the law of the case. Not only that his own instructions shall be proper, but those of the opposite party shall be free from error.

In this case there was a conflict of evidence on the question of negligence, and we are unable to say that the verdict was not produced by reason of the giving of these erroneous instructions.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*