# CITY OF MENDOTA

v.

# MARY V. FAY.

1. PRACTICE—MOTION FOR NEW TRIAL—ERRORS EXAMINED THOUGH NO WRITTEN POINTS FILED.—Errors of the court. below are always subject to review upon appeal, when its action is preserved by bill of exceptions properly taken during the progress of the trial, although a motion for a new trial be not made.

2. NEGLIGENCE—DUE CARE—NO PRESUMPTION OF LAW—BURDEN OF PROOF.—In an action against a municipal corporation for damages arising from the negligence of the corporation in keeping its sidewalks in repair, the question, whether the plaintiff was exercising due care at the time of the accident, is one of fact for the jury to find from the evidence, the law presuming nothing in that regard, and the burden of proof is upon the plaintiff to show affirmatively that she was exercising due care.

3. DUE CARE DEFINED.—Due care is that degree of care that a reasonable and prudent person would exercise under all the circumstances of the case.

4. CONFLICTING TESTIMONY—PROPER INSTRUCTIONS.—Where the evidence upon the question whether the injury received was not the result of the plaintiff's own negligence, is so conflicting that the jury could have found either way upon that point without doing violence to the testimony, it is essential that the jury should be accurately instructed.

5. PROOF OF DUE CARE—RULE AS TO.—It is not intended to establish an absolute rule, in all cases, that the plaintiff must introduce independent evidence of due care upon his part, but that it must appear affirmatively as a fact in the case ; and if from all the facts and circumstances in proof surrounding the transaction it thus appears, it will be sufficient ; otherwise independent proof must be introduced upon that point.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. BUSHNELL, GILMAN & COOK and Mr G. S. ELDREDGE, for appellant; argued that there was such contributory negligence on the part of the plaintiff as would bar a right of recovery for the alleged injury, and cited City of Centralia v. Crouse, 64 Ill. 19 ; City of Aurora v. Pulfer, 56 Ill. 270 ; C. & A. R. R. Co. v. Becker, 76 Ill. 25 ; C. & A. R. R. Co. v. Jacobs, 63 Ill. 178 ; C. &. A. R. R. Co. v. Gretzner, 46 Ill. 74 ; C. B. & Q. R. R. Co. v. Lee,

68 Ill. 576; City of Quincy v. Barker, 81 Ill. 300; Wharton on Neg. §§ 130, 300.

That the burden of proof was upon plaintiff to show affirmatively, exercise of proper care on her part at the time of the alleged injury :   Wilds v. H. R. R. Co., 24 N. Y., 432; Johnson v. H. R. R. Co. 20 N. Y., 65; Warner v. N. Y. C. R. R. Co. 44 N. Y. 465; C. & N. W. R. R. Co. v. Coss, 73 Ill. 394; Parker v. Adams, 12 Met. 415; Lane v. Crombie, 12 Pick. 177; Moore v. R. R. Co., 4 Zab. 284; Button v. H. R. R. Co., 18 N. Y., 257; Spalding v. C. & N. W. R. R. Co., 33 Wis. 591; Jackson v. Betts, 9 Con. 225. ·

That the fourth instruction given for the plaintiff, containing a suggestion in respect to the amount of damages in case they found for the plaintiff, was erroneous :   C. R. I. & P. R. R. Co. v. Austin, 69 Ill. 426.

That an instruction as to a presumption of law upon a disputed question of facts is erroneous:   Guardian Ins. Co. v. Hogan, 80 Ill. 35.

That appellant was not guilty of negligence in failing to protect its sidewalks by a railing, or neglecting to light its streets:   Sparhook v. City of Salem, 1 Allen 30; Randall v. Eastern R. R., 106 Mass. 276; Newcomer v. City of Taunton, 100 Mass. 255.

Mr. L. B. Crooker and Mr. Charles Blanchard, for appellee; that plaintiff was not under the circumstances chargeable with negligence, cited City of Quincy v. Barker, 81 Ill. 300; City of Joliet v. Verley, 35 Ill. 58; City of Bloomington v. Bay, 42 Ill. 503.

That under the Practice Act, a motion for a new trial should specify in writing the grounds therefor:   Rev. Stat. 1874, 781; Emory v. Addis, 71 Ill. 273.

Pillsbury, J.—Action by appellee against appellant to recover damages for injuries received by her through the alleged negligence of the city in the construction of a side-walk.

Trial was had in the court below, and verdict in favor of appellee for $1,200.

Judgment was rendered thereon by the court, and the city appeals.

Motion for a new trial was made in the court below, but no points in writing were filed as required by the 56th section of the Practice Act, and the objection is here interposed by appellee, that in such case we cannot examine the errors assigned, questioning the action of the court below in overruling such motion.

Viewing the case as we do, it is unnecessary to determine whether this court will review the action of the court below in not setting aside the verdict for errors of the jury when no points are filed particularly calling attention to such errors.

Errors of the court below are always subject to review upon appeal, when its action is preserved by bill of exceptions properly taken during the progress of a trial, although a motion for a new trial be not made.

This was the established practice prior to the statute of 1837, allowing parties to assign for error the overruling a motion for a new trial.

The same rule is still in force. Smith v. Gillett, 50 Ill. 290. In that case the court below excluded all the evidence from the jury, and the plaintiff excepted to the action of the court in that regard, and although no motion was made for a new trial, the Supreme Court considered the error assigned, and reversed the judgment. ·

The court say: "It is error of law of which appellant complains, and to which he excepted at the proper time. No question whatever is made upon the propriety of the verdict, but upon the action of the court. Surely such errors can claim and receive the attention of the appellate court as errors of law which a motion for a new trial could not have reached or remedied."

In McClurkin v. Ewing, 42 Ill. 283, it was held that if the bill of exceptions shows that exception was taken to the giving of instructions, the ruling in that regard may be assigned for error, although it does not appear upon what grounds the motion for a new trial in the court below was based.

Such being the rule, it is clear that the Appellate Court must

examine the evidence in the record in order to determine whether the court erred in the admission or exclusion thereof, or in instructing the jury properly upon the issues raised thereon.

In this action, to entitle the plaintiff to recover, it must affirmatively appear from the evidence, first, that the defendant was negligent, and second, that at the time of the injury the plaintiff was in the exercise of due care of her personal safety.

Due care is that degree of care that a reasonable and prudent person would exercise under all the circumstances of the case.

Examination of the evidence in this record discloses a very sharp conflict upon the question whether the injury received by appellee was not the result of her own negligence; and the jury could have found either way upon that point, without doing violence to the testimony.

In such state of the evidence, it is essential that the jury should be accurately instructed: C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510.

Upon the trial below the appellant asked the court to give the following instruction to the jury:

"The jury are instructed that in order that plaintiff should recover in this case, it should appear that at the time of the alleged injury she was exercising ordinary care to avoid injury, and that it was owing to the improper and unsafe manner in which said sidewalk and street crossing in question, at the intersection of Main street with the crossing, was constructed, that she was injured." This instruction was modified by the court adding thereto the words, "If, however, there is no proof of a want of care on the part of plaintiff, it should be presumed that she was careful rather than that she was careless."

To which modification the appellant at the time excepted, and assigns the same for error in this court.

While this instruction was not strictly formal, in that it did not require it to appear "from the evidence" that she was careful, yet we are forced to the conclusion that the learned judge erred in attaching thereto the above modification, and then giving it to the jury. Whether the plaintiff was, at the time of the injury, exercising due care, under all the

circumstances, was a question of fact for the jury to find from the evidence, the law presuming nothing in that regard.

Although the decisions are somewhat conflicting, we believe the decided weight of authority is that the burden of proof is upon the plaintiff to affirmatively show, in the first instance, that he was exercising due care at the time of the injury.

In 21 Pick. 147, it was held, " that, to maintain an action upon the statute for damages, occasioned by want of repair, two things must concur: first, that the highway was out of repair, and secondly, that the party complaining was driving with ordinary care and skill."

" Otherwise, although the way be out of repair, it would not follow that the plaintiff 's loss was occasioned by it. Such being the facts necessary to establish· plaintiff's case, the burden of proof is, of course, on the plaintiff to show not only defects in the highway, but that he was using due care and skill."

The same court, in a case in many respects like this, say: It is well settled that the burden was on plaintiffs to show that Mrs. Wilson used ordinary care:" Wilson and Wife v. City of Charleston, 8 Allen, 138; and in Allyn v. Boston & Albany R. R. Co. 105 Mass. 77, the court is even more emphatic. " The burden is upon him, the plaintiff, to show affirmatively that he was exercising due care. The question of due care is generally for the jury to determine, but where the uncontroverted facts in a case show negligence on the part of plaintiff, or where there is no evidence to show that he used due care, it is the duty of the court to instruct the jury to return a verdict for the defendant."

It is not intended to establish as an absolute rule, · in all cases, that the plaintiff must introduce independent evidence of due care upon his part, but that it must appear affirmatively as a fact in the case; and if from all the facts and circumstan-·ces in proof surrounding the transaction it thus appears, it will be sufficient; otherwise independent proof must be introduced upon that point.

In the case of Warner v. The N. Y. C. R. R. Co. 44 N. Y.

the judge below charged the jury that the plaintiff will be presumed to be free from fault if nothing else appears in the case, because it can not be supposed that a man would bring an injury upon himself. The Court of Appeals, in passing upon this charge, say: There is no presumption of negligence against either party.

" It is the duty of the plaintiff to prove, and the right of the defendant who is charged with negligence causing an injury that he should prove by satisfactory evidence that he, the plaintiff, did not contribute to the injury by any negligence upon his own part. This proof, in some form, constitutes a part of plaintiff's case. It must appear, either from the circumstances of the case, or from evidence directly establishing the fact to the satisfaction of the Court and jury, that the plaintiff is free from fault contributing to the injury."

To the same effect are the decisions of our own Supreme Court. In Dyer v. Talcott, 16 Ill. 300; the judgment below was reversed because the Circuit Court refused to instruct the jury on behalf of defendant, " That the burden of proof in this action is upon the plaintiff to show not only that the defendant was guilty of negligence, but that he himself was not guilty of negligence or carelessness." Also, in C., B. & Q. R. R. Co. v. Gregory, 58 Ill., 272, the language of the Court is: " Undoubtedly the general rule is that it must affirmatively appear that the injured party was in the exercise of due care and caution."

" This material fact may be made to appear by circumstantial as well as by direct evidence. It is immaterial how the proof is made, so the fact is made distinctly to appear."

Authorities above cited sufficiently sustain the doctrine above announced, that whether the plaintiff is in the exercise of due care at the time of the injury, is purely a question of fact to be found by the jury from all the evidence, and not a presumption of law.

Whatever fact is presumed by the law to exist in a given case is, in the absence of proof overcoming such legal presumption, established, and the jury can find the fact from such presumption alone. The party therefore against whom such

presumption arises must overcome the same by evidence, or the presumed fact will be found against him; or if the evidence be equally balanced, the presumption prevails, and the like result must follow.

Such was the condition of the defendant below under the instruction in question; and while it is true that the jury were told in the other instructions that they must find that the plaintiff was exercising due care at the time of the injury, yet they were authorized by this instruction to find the existence of such fact from the legal presumption alone, in absence of proof of want of care upon her part, thereby casting the burden of proof upon the defendant of overcoming such presumption.

The seventh instruction was properly refused, as it does not submit the question to the jury, whether taking the other route would be a proper regard for personal safety under all the circumstances of the case, as there was evidence tending to prove that the route on Sixth street was more dangerous than the route taken by plaintiff.

We see no other error in the record of sufficient importance to notice; but for the error indicated, the judgment must be reversed, and cause remanded.

Judgment reversed.

LELAND, P. J., took no part in the decision of this case.