# The Ottawa, Oswego and Fox River Valley R. R. Co. use, etc.

## v.

## Samuel McMath.

1. EVIDENCE—CROSS-EXAMINATION—INTERESTED PARTY AS WITNESS.—
Where the witness is a party in interest, greater latitude is allowed on cross-
examination than to a person wholly free from interest.  This, however, is
greatly in the discretion of the judge who tried the case, to be exercised
according to the circumstances in each particular case.   It is proper, upon
cross-examination to ask the witness in reference to his conduct in transac-
tions similar to the one in suit, for the purpose (if for no other) of affording
the jury the means of determining whether a person who had been engaged
in many similar transactions, would be as likely to remember the particular
facts relating to the contract in evidence, as another witness who had been
connected with this one only.

2. PRACTICE—MOTION FOR NEW TRIAL—STATING POINTS IN WRITING.
—The appellate court will take notice of nothing not specifically stated in the
record, as a ground of exception; and where on motion for a new trial in the
court below, no objection was urged that the damages were excessive, as

ground for setting aside the verdict, the court below had the right to suppose that appellant acquiesced in the amount of the finding, and relied alone on the grounds specified for a new trial, and this court can not now consider it, when made for the first time in this court.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. EDWIN N. LEWIS, for appellant; that judgments on contracts identical with the one in suit had been sustained, cited O. O. and F. R. V. R. R. Co. v. Hays, 61 Ill. 422.

That appellee cannot plead ignorance of the law as an excuse: Parsons on Con. 398: Shafer v. Davis, 13 Ill. 395; Campbell v. Carter, 14 Ill. 286; Gordere v. Downing, 18 Ill. 492; Wood v. Price, 46 Ill., 435.

That a contract made by an unauthorized agent must be disaffirmed within a reasonable time: Saveland v. Green, 40 Wis. 16 Am. Law Reg. 183.

Mere acquiescence amounts to a ratification: Williams v. Merritt, 23 Ill. 623; Francis v. Kirker, Ill. Sup. Ct. June 22, 1877.

Mr. D. P. JONES, for appellee; contended that the conduct and representations of appellee do not amount to an affirmance of an agency, and do not estop him from insisting there was no agency, cited The People v. Brown et al., 62 Ill. 436; Preble v. Conger, 66 Ill. 370; Hefner v. Vandolah, 62 Ill., 483; Bigelow on Estoppel 441.

That representations made under ignorance or mistake of the law do not estop: Bigelow on Estoppel 450; Wilcox v. Howell, 44 N. Y. 401; Charlestown v. Co. Com'rs, 109 Mass. 270.

That if the element of fraud or injury is wanting, there can be no estoppel: Flower et al. v. Elwood, 66 Ill. 438; Davidson v. Young, 38 Ill. 146; Smith v. Newton, 38 Ill. 230.

SIBLEY, J. This action was brought by the Ottawa, Oswego and Fox River Valley Railroad Co., for the use of Joseph Jackson v. Samuel McMath, on a contract purporting to be

executed by him and his co-partner, Volutfield, to pay the said railroad company $1,000 when the iron was laid on the roadbed from Wenona, in Marshall county, to within one-half a mile of Milford, in certain installments, and to receive in consideration thereof an equal amount of the capital stock of the railroad company.   There were three special counts in the declaration declaring upon the contract, and a plea of the general issue filed by the defendant, sworn to, denying the execution of the instrument sued on.   The trial before the court and jury resulted in a verdict for the defendant.   A motion was made for a new trial and overruled by the court.   No reasons were filed with the motion specifying the grounds for it. The plaintiff appealed to this court, and has assigned several errors for reversing the judgment; the first two of which are substantially the same, and are pointed out in his brief.   First, that the court below erred in permitting the witness Jackson, on his cross-examination, to answer whether the Vermilion Coal Company built that portion of the railroad lying between Streator and Wenona.   He having testified, on his examination in chief, that the road was built in January, 1871, from and to the points mentioned in the contract, it would seem to be pertinent to allow him, on the cross-examination, to answer who built it, when and how it was constructed.   There could be no objection, on cross-examination, to the inquiry of how many notes and how much he had collected upon transactions similar to the one in dispute, for the purpose (if nothing else) of affording the jury the means of determining whether a person who had been engaged in many transactions of this nature would be as likely to remember the particular facts relating to the execution of the contract in evidence, as the other witness who had been connected with this one only.   The question that he was permitted to answer, as to whether the road was owned and constructed by the O., O. & F. R. V. R. R. Co., may not have been quite so pertinent to the issue.   But the witness was the party in interest, and in such and like cases greater latitude is allowed on cross-examination than to a person wholly free from feeling or interest.   This, however, is a matter greatly in the discretion of the judge who tried the

case ( 1 Greenl. 450 ), to be exercised by him according to the circumstances in each particular case, and we can not see wherein this discretion has been abused, or how the rights of the appellant have been prejudiced by the admission of the testimony. Nor do we see any serious objection in allowing the witness when recalled to state on his re-examination the reasons that induced him to make a proposition of settlement, if, as is indicated, a settlement had been the subject of a conversation.

There being no error assigned on the record for the action of the court in giving or refusing instructions to the jury, the only remaining question to be considered is, whether the court erred in overruling the appellant's motion for a new trial.

In Ch. 110, Sec. 57 of the Rev. Laws of 1874, will be found the following words: " If either party may wish to except to the verdict, or for other causes to move for a new trial, or in arrest of judgment, he *shall*, before final judgment be entered, or during the term it is entered, by himself or counsel, file the points in writing, particularly specifying the grounds of such motion, and final judgment shall thereupon be stayed until such motion can be heard by the court."

It is obvious that this provision of the statute was intended to require the party that made the motion to direct the attention of the court to the specific reasons for granting a new trial. If, as now insisted by counsel, that the verdict of the jury was against the law and the evidence, and the attention of the court had been called to that specific objection, it would doubtless have sustained the motion. How could the court know, under that general request, whether the causes for it were misconduct or error of the jury, newly discovered evidence, or various other reasons that may be assigned for a new trial, was the subject of the complaint?

Previous to the act of 1872, the person moving for a new trial was only required to give the opposite party the points in writing, particularly specifying the grounds for such motion. This change in the law would appear to indicate that something further was necessary to be done before the party making the motion would be in a condition to urge his objections to the verdict, and that was to file the points particularly specifying

the grounds to be relied on. If this is not done, the court might very properly treat the motion as waived. Aside from any such statute as this, it was ruled in Taylor v. Geger, Hardin, 586; Reed v. Mullen, 1 Bibb. 142; Goldsbury v. May, 1 Litt. 254; Brown, Ex. v. Swan, 1 Mass. 202, that the grounds for the application for a new trial should be filed with the motion in order to give the opposite party an opportunity to meet them, and none other ought to be considered by the court. So in Emory v. Addis, 71 Ill. 274, and Jones v. Jones, Ib. 562. In the latter case it is said: " On the motion for new trial in the court below, there was no objection urged that the damages were excessive. That was not stated as a ground for setting aside the verdict. The court below not being asked to do so, had the right to suppose that appellant acquiesced in the amount of the finding, but relied on the grounds specified alone for a new trial."

That an appellate court will take notice of nothing not specifically stated in the record, as a ground of exceptions, seems to be well settled. In Whiteside v. Jackson, 1 Wend. 419, the court states the rule to be well settled that on a bill of exceptions the party excepting is confined to the points excepted to, Dean v. Gridley, 10 Wend. 254; Pechett v. Allen, 10 Conn. 141; Hide v. Langworth, 11 Wheat. 199; Neusum v. Neusum, 1 Leigh, 86; Cox v. Field, 1 Green, 215. No points having been filed in the court below with the motion for a new trial, as required by the statute, we cannot now consider them when for the first time they are made in this court, for, in the language of Mr. Justice. Walker, in Jones v. Jones, the appellant is deemed to have acquiesced in the finding of the jury; therefore the judgment of the Circuit Court is affirmed.

Judgment affirmed.

LELAND, P. J., took no part in the decision of this case.