# The Chicago and Alton Railroad Company
## v.
## Elizabeth Smith.

1. SPECIFICATIONS OR BILLS OF PARTICULARS IN DAMAGE CASES.—While the practice of requiring the plaintiff, in actions for damages occasioned by negligence, to file a specification or bill of particulars of his claim, stating how, when and by what means the injury occurred, might aid in preparing a defense, yet it has not been adopted in this State, and might work great hardship in many cases. If adopted, the sufficiency of such bill of particulars would have to be left largely to the discretion of the trial court, and would not be the subject of review in an appellate court.

2. DECLARATION—ALLEGATION OF TWO CAUSES OF ACTION.—The date given in a count is not material, and a plaintiff may offer every proof in his power tending to support a cause of action, but he can not recover for more than is alleged. If he offers evidence clearly proving more causes than alleged, the court may require him to elect upon which he will rely, or by instruction advise the jury as to their duty in the premises.

3. POWER OF TRIAL COURT TO CONTROL PROCEEDINGS.—The trial court

may reject testimony that manifestly has no tendency to prove any issue made, or it may limit the testimony to be heard upon a given point, and in a general way regulate the manner of proceeding so as to promote the proper investigation of the matter in issue, and, unless it transcends its powers or abuses its discretion in this respect, its action is not assignable as error.

4. RAILROADS—SPARKS FROM ENGINES.—In an action for damages occasioned by fire escaping from an engine, an instruction which fails to include the question whether the engine was supplied with proper appliances for arresting sparks, is erroneous, where there is testimony tending to prove that fact.

APPEAL from the City Court of Alton; the Hon. A. H. GAMBRILL, Judge, presiding.  Opinion filed April 14, 1882.

Messrs. WISE & DAVIS, for appellant; upon the right to require of plaintiff a bill of particulars, cited Doe v. Phillips, 6 Term R. 597; Doe v. Hall, 7 Term R. 322; Doe v. Duke of Newcastle, 7 Term R. 332; Taylor v. Harris, 4 B. & Ald. 93; Johnson v. Birley, 5 B. & Ad. 540; Collett v. Thompson, 3 Bos. & Pull. 246; Babcock v. Thompson, 3 Pick. 446; Tidd's Pr. 535; Commonwealth v. Snilling, 15 Pick. 321; Commonwealth v. Davis, 11 Pick. 432; Rex v. Hodgson, 3 C. & P. 422; Rex v. Bootyman, 5 C. & P. 300; McCreight v. Stevens, 1 H. & C. 454; Pitts v. Chambers, 1 F. & F. 684; West v. West, 4 S. & T. 22: Jackson v. Hallas, 4 Irish (Eq.) 60; Jones v. Bewicke, 5 C. P. 32; Tilden v. Beecher, 59 N. Y. 176; Neelwood v. Walter, 2 Taunt. 224; Hunt v. Watkins, 1 Camp. 60; Lovelock v. Chevely, 1 Holt's N. P. 552.

Where the evidence is conflicting, the jury should be accurately instructed: Ill. Cent. R. R. Co. v. Maffit, 67 Ill. 435; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 500; Camp Point Mf'g Co. v. Ballou, 71 Ill. 417; Wabash R'y Co. v. Henks, 91 Ill. 406; Volk v. Roche, 70 Ill. 299; Ill. Cent. R. R. Co. v. Hannon, 72 Ill. 347; T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Shaw v. The People, 81 Ill. 150; Ill. Linen Co. v. Hough, 91 Ill. 63; Stratton v. Central City Horse R'y Co. 95 Ill. 25; Steinmeyer v. The People, 95 Ill. 25; Freeport v. Isbell, 83 Ill. 443.

If the instructions tend to mislead the jury the verdict will be set aside: Adams v. Smith, 58 Ill. 417; Sinclair v. Berndt, 87 Ill. 174; Martin v. Johnson, 89 Ill. 537.

Instructions giving undue prominence to certain facts are erroneous: Pro. Life Ins. Co. v. Dill, 91 Ill. 174; Ill. Linen Co. v. Hough, 91 Ill. 63; C. B. & Q. R. R. Co. v. Sykes, 96 Ill. 162.

Owners of buildings contiguous to a railroad are bound to use reasonable care and diligence to protect them from fire: G. W. R. R. Co. v. Haworth, 39 Ill. 346; Ill. Cent. R. R. Co. v. Mills, 42 Ill. 407; O. & M. R. R. Co. v. Shanefelt, 47 Ill. 497; T. P. & W. R'y Co. v. Pindar, 53 Ill. 447; Ward v. M. & St. P. R. R. Co. 29 Wis. 144; T. W. & W. R. R. Co. v. Larmon, 67 Ill. 68; T. W. & W. R. R. Co. v. Maxfield, 72 Ill. 95; C. & A. R. R. Co. v. Pennell, 94 Ill. 448.

Plaintiff's negligence is a proper question to be submitted to the jury: R. R. I. St. L. R. R. Co. v. Rogers, 62 Ill. 346; Ill. Cent. R. R. Co. v. Frazier, 64 Ill. 28; Ross v. B. &. W. R'y Co., 6 Allen, 87; Fiero v. B. & S. L. R. R. Co. 22 N. Y. 209.

Mr. J. E. DUNNEGAN, for appellee; that a bill of particulars can be required only in actions *ex contractu*, cited Van Horn v. Burroughs, 62 Ill. 388; Martin v. McClure, 22 Ill. 257; Thompson v. Hovey, 43 Ill. 197.

Although an instruction is erroneous, yet if it does not mislead it is no ground for reversal: C. B. & Q. R. R. Co. v. Dickson, 63 Ill. 151; Daily v. Daily, 64 Ill. 329; Hardy v. Keeler, 56 Ill. 152; C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59.

WALL, J. This suit was brought by appellee against appellant, to recover for damages sustained by the alleged escape of sparks from defendant's locomotives to the building of plaintiff, which building was situate near defendant's tracks. It is objected that the trial court did not require the plaintiff to furnish a bill of particulars, showing on what day or days, and by what train or trains the fire was communicated. The court did make an order of this sort, and the plaintiff complied with the same, by filing a statement, which she averred was as accurate as she was able to make it. It was quite indefinite, and was of little or no value for the purpose desired. While the practice contended for would, in many cases, be useful as tend-

ing to promote justice, and to avoid great expense in the preparation of a defense, yet it has not been adopted in this Sta'e so far as we are advised. In many cases it might produce great hardship and palpable injustice, as the plaintiff might be wholly unable to furnish the desired information with such accuracy as would make it available, and the testimony might leave it uncertain whether the supposed occasions were the true ones. In view of these considerations, we should say that if such a practice were adopted, the mode of its application would necessarily be left very much to the discretion of the trial court, and the action of that court would very rarely be reviewed in the courts of appellate jurisdiction.

It is also objected that the declaration contains two counts only, each alleging a single burning, and that the plaintiff was therefore not at liberty to prove more than that number of fires as the basis of recovery. The date given in a count is usually not material, and the plaintiff may offer any proof within his power, tending to sustain the declaration, but can not recover for more than alleged. If under such a declaration the plaintiff offers evidence, clearly proving more injuries than alleged, the court might, in a proper case, require the plaintiff to elect which he would rely upon, so that the evidence of defendant might be directed to those alone, or might, by instruction, advise the jury as to their duty in the premises. But the practice as to this would be very much in the discretion of the court, and this discretion would be exercised mainly for the purpose of simplifying the issues and avoiding unnecessary delay and prolixity in the trial. The plaintiff may offer such proof as he has; perhaps a part of it is not of itself sufficient to make out a single averment of his declaration, yet if it *tends* to do so, it is admissible. Of course the court may very properly refuse evidence manifestly not calculated to prove the issue, and may limit the quantum of testimony to be heard upon a given point, and may in general regulate the manner of the whole proceeding so as to promote its prime object; the orderly and proper investigation of the matter in controversy, and the ascertainment of the legal rights of the parties, and unless in so doing, it clearly transcends its power or abuses its discretion, its action is not assignable as error.

C. & A. R. R. Co. v. Smith.

Certain instructions given on behalf of the plaintiff, are objected to. The second and third of the series advise the jury that if they believe from the evidence that fire escaped from the locomotive as alleged, and plaintiff was thereby injured, then the jury should find for the plaintiff. There was evidence tending to show that if the defendant's locomotives set the fire, they were equipped with proper appliances to prevent the escape of sparks, and were properly managed by competent employes. These instructions wholly ignored this aspect of the case, and should not have been given without modifying them, so as to direct the attention of the jury thereto. They presented only a partial aspect of the case to the jury, and were erroneous for that reason. Moore v. Wright, 90 Ill. 470. The sixth is as follows: "When a railroad company seeks to avoid the payment of damages caused by the escape of sparks from its locomotive engines by showing that it used and kept constantly in repair the best known appliances to prevent the escape of sparks, and did not overload its engines, and always employed careful and competent engineers, it must show these facts by a preponderance of the evidence; and in this case, if the jury believe from the evidence that the plaintiff's house was fired by sparks thrown from an engine of the defendant, as charged in the declaration, then they must find the defendant guilty, and assess the plaintiff's damages at such sum as they may believe from the evidence, such fires occasioned."

Upon reading this instruction, the jury would naturally conclude that in the opinion of the court there was no evidence sustaining the theory of the defense that the locomotives were properly equipped with spark arresters and properly managed, and that the only question for their consideration was whether the fire arose from the sparks thrown by defendant's engines (indeed the instruction substantially says so, and must have been regarded as foreclosing all other inquiry). It is true there were a number of instructions given at the instance of defendant, in which the law was as favorably stated as could be desired; but the rule is too well settled to be the subject of discussion, that where the evidence is conflicting, and the questions of fact difficult of solution, the instructions must be so drawn as not to

mislead the jury, and should, as a whole, be clear, accurate and harmonious. C. & A. R. R. Co. v. Murray, 62 Ill. 326; I. C. R. R. Co. v. Maffitt, 67 Ill. 435; Voek v. Roche, 70 Ill. 299; Wabash R'y Co. v. Henks, 91 Ill. 406.

Objection is taken to the fifth instruction given for the plaintiff. In view of the statute (R. S. 1874, Ch. 114, Sec. 78,) and the facts of this case, we are not prepared to say that it was erroneous. It is also urged that the verdict is excessive, and on reading the evidence carefully, we are inclined to the opinion that this point is well made. As the case will be submitted to another jury for trial, it would answer no useful purpose to analyze and discuss the testimony in this respect, and it is necessary only to state the conclusion we have reached.

The judgment is reversed and the cause remanded.

Reversed and remanded.