Evans v. Murphy Varnish Co.

---

## William J. Evans v. Murphy Varnish Co.

1. PRACTICE—*Suits on Promissory Notes.*—It is not necessary to prove the amount due upon a promissory note.   The computation of the amount may be made by the jury.

2. SAME—*Cross-examination.*—A cross-examination is to be confined to the subject of the examination in chief, and if the subject-matter is wholly immaterial to the issue the cross-examination may be denied.

Assumpsit, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

CONSIDER H. WILLETT, attorney for appellant.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant upon a promissory note, the declaration containing one special count describing the note, and common counts.

The appellee needlessly proved by a witness the amount due upon the note. The computation could have been made by the jury without help. In practice it is usually stated by the attorney, and his statement accepted by the jury, without an oath by anybody, except by the defendant after judgment.

There was therefore no error in denying a cross-examination of that witness as to the consideration of the note. A cross-examination is to be confined to the subject of the examination in chief. McKone v. Williams, 37 Ill. App. 591; City of Mt. Vernon v. Brooks, 39 Ill. App. 426.

The appellant put in all the testimony he offered as to a failure of consideration of the note, and such testimony tended to show a total failure. If it did not show a total failure it showed no defense, for there was no hint as to how much of the consideration had failed, if not all. There was nothing to guide the jury in the amount of a partial failure. They were not at liberty to base a verdict upon mere conjecture.

The instruction to the jury that only a total failure was a defense was therefore right, and we need not discuss what would have been the rights of the appellant under the pleadings, if he had made proof which he did not make. Affirmed.