## West Chicago St. R. R. Co. v. Mamie Reddy.

1. CROSS-EXAMINATION—*As to the Cause Producing a Particular Result.*—Where a witness has, expressly or by inference, stated the cause of a result, whether other causes contributed to the result, is a proper inquiry on cross-examination, and the fact that such inquiry relates to matters not pleasant to reveal, can not be considered.

2. SAME—*As to Details of Treatment by Physician.*—A physician testified that he had been the attending physician of a person suing for personal injuries from the time the injuries were received, and that he

had seen her over 200 times, and also stated facts relating to her condition at different times, and to his treatment. *Held*, that it was proper, on cross-examination, to ask what the whole treatment had been, and for what ailments.

3. APPELLATE COURT PRACTICE—*Citation of Authorities.*—This court will not usually make points not made by the appellant, but if a material point is made it will be considered, although it may not be supported by the citation of authorities.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

CASE & HOGAN, attorneys for appellee; WILLIAM P. BLACK, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action by the appellee for damages on account of personal injury.

Among the points urged for a reversal is, that the court refused to permit proper cross-examination of the appellee and her witness, as to other ailments than such as could have resulted from the injury complained of in this suit. Their examinations in chief, so far as relates to the question being considered, were for the manifest purpose of convincing the jury that what her physician called her "bad general condition," and for which he treated her for several months, was attributable to a cause for which she held the appellant responsible; and yet in cross-examining by neither of them was the appellant permitted to prove that her "bad general condition" was in any part attributable to causes for which the appellant was not responsible. The injury was December 3, 1892. The appellee testified that she returned to her work for six or seven weeks in the summer of 1894, and that was the only time she had worked since the injury; that she had tried to work about the house, but

was not able to. The appellee seems to claim that nothing occurring to her before or after the injury can be the subject of cross-examination, unless that thing had been specifically referred to in the direct examination, notwithstanding that the apparent purpose of such evidence in chief was to prove that her enfeebled health, after the injury, was wholly due to the particulars mentioned in such evidence in chief.

The rule is not so narrow. The appellee quotes from Hansen v. Miller, 145 Ill. 538, that " cross-examination of a witness should be confined to matters to which he has testified on his direct examination," and in the first case in which the question arose in this State, substantially the same language was used. Stafford v. Fargo, 35 Ill. 481.

But the same " matters " may be of particulars not alluded to before, as in Am. Ex. Co. v. Haggard, 37 Ill. 465, where a witness for the company having proved a custom of drivers, as to delivering parcels and getting receipts, was required to state the particular custom of one driver to steal.

There has been no occasion in this State to consider nicely the terms of the rule which are accurately stated by Greenleaf, Vol. 1, Sec. 445, as, " that a party has no right to cross-examine any witness, except as to facts and circumstances connected with the matters stated in his direct examination." Where any witness has expressly, or by inference, stated the cause of a result, whether other causes contributed to the result, is a proper inquiry on cross-examination. Wilson v. Wager, 26 Mich. 452, is, in principle, in point.

Whether such inquiry relates to matter not pleasant to reveal is not to be considered.

The counsel of the appellee in their brief, calling attention to the fact that the appellant had cited no authority upon this point—though making the point—says : " We understand that under this rule (the rule of this court as to briefs) no questions of law are entitled to consideration which are not accompanied by ' the authorities in support thereof;' " which is in effect to say, that a good point, not supported by citation of authority, is to be overruled, however familiar to the court may be the law upon the subject.

That the court will not usually make points not made by the appellant is true, but if a material point is made, the profession expects the court not only to pass upon the point, but to give a satisfactory reason for its decision; and very seldom, upon a question of general interest, is the reason given by the court, merely in the nature of a quotation from the brief of the counsel on either side.

Her physician had testified to many particular fractures and bruises of her person, that he had been her attending physician from about thirty-six hours after the injury to the time he was testifying, that about the end of two months she was in bad general condition, that for months he treated her for that with fairly good results; that as her physician, at her house or at his office, he had seen her, he thought, over 200 times.

Upon this the appellant was entitled, upon cross-examination, to know what the whole treatment had been, and for what ailments, as "facts and circumstances connected with the matters stated in" the direct examination. Such cross-examination would have been upon "the subject of the examination in chief." Sullivan v. N. Y., L. E. & W. R. R., 175 Pa. St. 361; Evans v. Murphy Varnish Co., 59 Ill. App. 87.

This error is fatal and it is unnecessary to consider other features of the case, which may never be presented again. Lynch v. Free, 66 N. W. Rep. (Minn.) 973.

The judgment is reversed and the cause remanded.