## Chicago City Railway Company v. Margaret Canevin.

1. Negligence — *Care Required of Plaintiff Suing for Injuries Caused by.*—In order to entitle a plaintiff to recover for injuries alleged to have been occasioned by the negligence of the defendant, it must appear that the plaintiff himself was in the exercise of ordinary care for his own safety, and any want of ordinary care on his part which contributed to the injury must prevent a recovery.

2. Same—*Care Required of Plaintiff Suing for Injuries Caused by.*— The rule is well settled, by numerous adjudications, that there can be no recovery for injuries caused by the negligence of a defendant, if the plaintiff's negligence contributed in any degree to the injury, and an instruction allowing a recovery, unless the plaintiff was guilty of a want

of ordinary care which materially contributed to the injury, is erro-neous.

3. INSTRUCTIONS — *Should be Accurate in Close Cases.*—In a case where the evidence is conflicting, and there may be doubt, each party has an indubitable right to have the jury clearly and accurately instructed as to the law of the case, and to insist not only that his own instructions shall be proper, but that those of the opposite party shall be free from error.

4. SAME—*Should Apply to the Evidence.*—When there is no evidence to which a proposed instruction is applicable, it should be refused.

5. MEASURE OF DAMAGES—*Mental Pain in Personal Injury Cases.* —Mental pain may be the direct result or concomitant of physical pain, and in such a case it is a proper element of damage in a personal injury suit, but mental pain not directly or necessarily connected with the physical pain, is not proper to be considered by the jury in assessing damages.

6. EVIDENCE—*Right of Cross-examination as to Cause of Injuries Complained of.*—Where the plaintiff, in a personal injury case, attrib-utes certain ailments to the injuries received at the time of the acci-dent, the defendant has the right to cross-examine him as to matters occurring before the accident, which might have caused, or contributed to cause, the suffering complained of.

7. WITNESSES—*Waiver of Right to Refuse to Answer.*—When a person is both party and witness for himself, he must be held, on cross-examination, to have waived any privilege he might otherwise possess to refuse to answer questions as to any matter about which he has given testimony in chief.

8. SAME—*Right of Witness to Refuse to Answer is Personal.*—The privilege of a witness to refuse to answer when his answer might crim-inate him is his own and not that of the parties, and counsel therefore should not be allowed to make the objection.

Trespass on the Case, for personal injuries. Appeal from the Supe-rior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, pre-siding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed October 11, 1897.

W. J. HYNES and H. H. MARTIN, attorneys for appellant.

CASE & HOGAN, attorneys for appellee; A. W. BROWNE, of counsel.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant in case for alleged negli-gence. It is averred in the declaration that about October

Chicago City Ry. Co. v. Canevin.

8, 1893, the appellee, at a point on Sixty-third street, east of Carpenter street, in Chicago, became a passenger on an electric car operated by appellant, and was carried in said car to the corner of Sixty-third and Carpenter streets, where the car was stopped by the conductor, on a signal given by appellee, for the purpose of permitting her to alight; that the car was not stopped a sufficient or reasonable time to permit her safely to alight therefrom, and that while she was with all due care attempting to alight, the car was suddenly and violently moved, by reason of which she was thrown with great force and violence upon the ground, and was seriously injured, etc.

The evidence on the question whether the accident occurred by reason of the negligence of the appellant was very conflicting; so much so that had the verdict been not guilty it could not be set aside because contrary to the weight of evidence. In such case the instructions should be accurate. Illinois C. R. R. Co. v. Maffit, 67 Ill. 431; Volk et al. v. Roche, 70 Ib. 297; Illinois C. R. R. v. Hammer, 72 Ib. 347; Toledo, W. & W. Ry. Co. v. Moore, 77 Ib. 217; Shaw v. People, 81 Ib. 150; Cushman v. Cogswell, 86 Ib. 62; Wabash Ry. Co. v. Henks, 91 Ib. 407; Chicago B. & Q. R. R. Co. v. Dougherty, 110 Ib. 521.

This rule has been frequently announced by this court. City of Mendota v. Fay, 1 Ill. App. 418; Chicago, R. I. & Pac. Ry. Co. v. Harmon, 12 Ib. 54; Leyenberger v. Paul, Ib. 635; St. Louis Coal R. R. Co. v. Moore, 14 Ib. 510; Harvey v. Miles, 16 Ib. 533; Peoria, D. & E. Ry. Co. v. Wagner, 18 Ib. 598.

Appellant asked the court to give the following instruction:

"The jury are instructed that if they find from the evidence that the plaintiff was injured while alighting from the car while it was in motion, and that such conduct on her part was a want of ordinary care for her own safety which contributed to the injury complained of, then she can not recover in this case, and your verdict should be for the defendant."

The court refused to give the instruction as asked, but modified it and gave it to the jury modified as follows:

" 19.   The jury are instructed that if they find from the evidence that the plaintiff was injured while alighting from the car while it was in motion, and that such conduct on her part, under all the circumstances shown by the evidence, was a want of ordinary care for her own safety which materially contributed to the injury complained of, then she can not recover in this case, and your verdict should be for the defendant."

This instruction authorized the jury to find for the appellee, even though they believed from the evidence that her want of ordinary care, or negligence, contributed to the injury, provided they did not believe from the evidence that such want of ordinary care or negligence materially contributed to the injury.   The legal proposition involved in the instruction, stated abstractly, is that in an action on the case for negligence, *per quod* the plaintiff was injured, the plaintiff may recover, notwithstanding his own negligence contributed to the injury, provided his negligence did not materially so contribute.   This instruction would have been erroneous even when the now exploded doctrine of comparative negligence prevailed in this State.

The rule is well settled, by numerous adjudications, that there can be no recovery if the plaintiff's negligence contributed in any degree to the injury.   This was the rule in this State prior to the decision in Galena & C. U. R. R. Co. v. Jacobs, 20 Ill. 478, the doctrine of which case has been repudiated by the Supreme Court, and it is the rule now, as will appear by reference to the decisions prior to and since the decision of the Jacobs case.   Aurora Branch R. R. Co. v. Grimes, 13 Ill. 585; Chicago & M. R. R. Co. v. Patchin, 16 Ib. 198.   In the last case the court, Ib. 202, say:

" While the courts will, as to passengers and freight, apply the enforcement of the strictest diligence, skill and care, and, for want of them, measure the liability for slight negligence, yet the injured party must be free from such negligence as contributes to the injury complained of.   Galena

& C. U. R. R. Co. v. Yarwood, 15 Ill. 468; Same v. Loomis, 13 Ill. 548; Aurora Branch R. R. Co. v. Grimes, 13 Ill. 586; Knight v. Abert, 6 Pa. St. 472; N. Y. & Erie R. Co. v. Skinner, 19 Ib. 301; T. R. Co. v. Munger, 5 Denio, 264, 4 Comst. 357; Clark v. Syracuse & Utica R. Co., 11 Barb. 114; Talmadge v. R. & S. R. Co., 13 Barb. 496; Marsh v. N. Y. & Erie R. Co., 14 Barb. 365.

These decisions concur in this, as a general rule, and are sustained by more than fifty decisions referred to in them, made under a variety of circumstances."

After the doctrine of comparative negligence, which had its origin in this State in the Jacobs case, was abandoned, the rule as announced in Chicago & M. R. R. Co. v. Patchin, *supra*, was revived. In Lake S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546, the court say:

"We have repeatedly held, in effect, in the later decisions, beginning with Calumet Iron and Steel Co. v. Martin, 115 Ill. 358, that the doctrine of comparative negligence, as announced in the earlier cases, is no longer the law of this State, and it is to be no longer regarded as a correct rule of law applicable in cases of this character. Pullman Palace Car Co. v. Laack, 143 Ill. 242; Mansfield v. Moore, 124 Id. 133. The doctrine announced in the latter decisions, as applied to this class of cases, requires, as a condition to recovery by the plaintiff, that the person injured be found to be in the exercise of ordinary care for his own safety, and that the injury resulted from the negligence of the defendant."

In North Chicago S. R. R. Co. v. Eldridge, 151 Ill. 542, 549, the court say:

"The rule to which the court is now committed by repeated decisions is, that the plaintiff, before he can recover, on the mere ground of negligence, must show that the injury of which he complains was caused by the negligence of the defendant, and that he, himself, at the time, was in the exercise of ordinary care. When the party injured, at the time of the injury, is in the exercise of ordinary care, no contributory negligence is legally attributable to him,

although he may not have been in the exercise of the high-est degree of care." See also Illinois C. R. R. Co. v. Ashline, 56 Ill. App. 475, and Kinnare v. Chicago R. I. & P. Ry. Co., 57 Ib. 153.

The rule, that in order to entitle a plaintiff to recover for injury alleged to have been occasioned by the negligence of the defendant it must appear that the plaintiff himself was in the exercise of ordinary care for his own safety, has been settled in this State by numerous decisions, very many of which are cited in Calumet Iron and Steel Co. v. Mar-tin, 115 Ill. 358, 368. It seems too clear to require argu-ment, that if a plaintiff must have exercised ordinary care in order to recover, it necessarily follows that any want of ordinary care which contributed to the injury must prevent a recovery; and such is the rule as announced by text writers and the courts. Beach on Contributory Negligence, Sec. 11; 2 Thompson on Trials, Sec. 1679; 2 Thompson on Negligence, pp. 1151, 1152; 1 Shearman & Redf. on Neg., 5th Ed., Sec. 93; 1 Beven on Neg., p. 175, n. 4.

It has been expressly held erroneous to instruct the jury that the plaintiff would be entitled to recover if his own carelessness did not materially contribute to the injury. Artz v. C. R. I. & P. R. Co., 38 Ia. 294; Monongahela City v. Fischer, 111 Pa. St. 9; Mattimore v. Erie City, 144 Ib. 14.

In N. J. Express Co. v. Nichols, 33 N. J. L. 439, the court say:

" The injury must be attributable to the defendant's neg-ligence, and to that alone; if occasioned in any degree by the plaintiff's own negligence, he is without redress," citing numerous cases.

In Norris v. Lichfield, 35 N. H. 271, which was a case for negligence in not keeping a highway in repair, the court, p. 276, say:

" In actions of this kind, it is well settled that if the damage sustained has been in any degree directly caused by his own fault or negligence, the plaintiff can not recover against the town," citing a large number of cases.

Chicago City Ry. Co. v. Canevin.

In Wilds v. Hudson River R. Co., 24 N. Y. 430, the defendant asked the court to charge that " if the negligence of the deceased contributed in any manner to cause the collision which resulted in his death, the plaintiff can not recover," which the court refused to do. Held, that the charge requested stated the law in precise words, and that the refusal was error. Ib. 442.

In Blanchard v. Lake S. & M. S. Ry. Co., 126 Ill. 416, the court quotes with approval Wharton on Negligence, as follows:

" The burden is always upon the plaintiff to establish either that he, himself, was in the exercise of due care, or that the injury is in no degree attributable to any want of proper care on his part."

Counsel for appellee contend that if the instruction is faulty, it is cured by other instructions, and refers to appellant's instructions numbered 2, 4, 6, 9, 10, 12 and 13. We are of opinion that neither did these instructions, nor any of them, nor did any instruction given, cure the material error in the modified instruction. As before stated, in a case where the evidence is so conflicting on vital questions as it is in the present case, the instructions must be accurate.

In Illinois C. R. R. Co. v. Maffit, *supra*, which was case for negligence, the court, commenting on an erroneous instruction, say:

" Nor is it an answer to say that the instructions on the part of appellant were more accurate. In a case where the evidence is conflicting, and there may be doubt, each party has an indubitable right to have the jury clearly and accurately instructed as to the law of the case; not only that his own instructions shall be proper, but those of the opposite party free from error. In this case there was a conflict of evidence on the question of negligence, and we are unable to say that the verdict was not produced by reason of the giving of these erroneous instructions."

To the same effect are Chicago & A. R. R. Co. v. Murray,

62 Ill. 326, 331; Wabash Ry. Co. v. Henks, 91 Ib. 406; Chicago & A. R. R. Co. v. Smith, 10 Ill. App. 359; Lake S. & M. S. R. R. Co. v. Elson, 15 App. 80.

The instruction asked by defendant stated the law correctly, and the modification of the instruction and giving it as modified was error.

The giving of appellee's fifteenth instruction is assigned as error. The instruction is as follows:

"The court instructs the jury that in determining the amount of damages which the plaintiff is entitled to recover in this case, if the jury find from the evidence, under the instructions of the court, she is entitled to recover any damages, the jury have a right to, and should take into consideration all the facts and circumstances in evidence before them, and they may consider the nature and extent of the plaintiff's injuries, if any, testified about by the witnesses in this case; her bodily and mental pain and suffering, if any, resulting from such injuries; the permanent disability, if any, caused by said injuries; the money necessarily paid, if any, by the plaintiff in and about endeavoring to be healed or cured of said injuries; and any future bodily and mental pain or suffering (or future inability to labor or transact business), if any, that the jury may believe from the evidence the plaintiff will sustain by reason of injuries received."

In C. & G. T. Ry. Co. v. Spurney, 69 Ill. App. 549, an instruction was given for the plaintiff in the trial court identical with the above instruction, except that in that case the masculine gender was used in reference to the plaintiff, and in this the feminine. The court, commenting on the instruction, say: "Future mental pain, that is, mere humiliation and grief resulting from contemplation of a maimed and disfigured body, is not an element entering into an ascertainment of the pecuniary damage one has sustained as the result of negligence." Citing Illinois C. R. R. Co. v. Cole, 165 Ill. 334, 339; Peoria Bridge Ass'n v. Loomis, 20 Ib. 236, and Chicago, B. & Q. R. R. Co. v. Hines, 45 Ill. App. 299. In

Illinois C. R. R. Co. v. Cole, *supra*, the court expressly held that future mental anguish which might be suffered by the plaintiff, from contemplation of what might occur, is not an element of damage in an action for a personal injury resulting from negligence. In that case, while the court held that the instructions were substantially correct, yet it also held that certain improper remarks of the plaintiff's counsel might mislead the jury into believing that mental anguish, resulting from contemplation of the injury, was a proper element of damage, and apparently the court was only prevented from reversing the judgment on that ground by the fact that the opposing counsel did not except to the remarks of counsel for the plaintiff at the time they were made.

Bovee v. Danville, 53 Vt. 183, was case for injuries occasioned by a defective highway, the evidence tending to show that the injury caused the plaintiff to have a miscarriage. The court charged the jury, " if this miscarriage was brought about by this injury, any suffering occasioned thereby, any injury to her feelings, or pain that was personal to her, should be compensated." Of this charge, the Supreme Court say: "Any physical or mental suffering attending the miscarriage, is a part of it, and a proper subject of compensation. But the rule goes no further. Any injured feelings following the miscarriage, not part of the pain actually attending it, are too remote to be considered an element of damage."

In C., R. I. & P. Ry. Co. v. Caulfield, 63 Fed. Rep. 396, in error to the U. S. Circuit Court of Appeals, eighth circuit, the trial court instructed the jury, in assessing the plaintiff's damages " to take into consideration his mental suffering because of his crippled condition, and to take into consideration his physical suffering endured by him while his wounds were healing." Of this the Court of Appeals say : " The allusion thus made to mental suffering induced by the plaintiff's crippled condition, as distinguished from physical suffering, appears to have been to those feelings of mortification which the plaintiff might experience in after life, be-

cause he was not sound in body and limb. If such was the idea intended to be conveyed, then we think the court erred in allowing the jury to assess damages of that nature," citing Bovee v. Danville, *supra*. The judgment of the lower court appears to have been reversed on other grounds. Other authorities might be cited to the same effect. In the case of C. & G. T. Ry. Co. v. Spurney, *supra*, the court, in its opinion, does not purport to reverse the judgment of the lower court because of the instruction in question, but merely makes the comment above quoted. The judgment was reversed because the trial court refused to give an instruction asked by the defendant to the effect that, in determining the weight to be given to the plaintiff's evidence, the jury might consider his interest in the suit. The language of the instruction in question, omitting words unnecessary for the consideration of appellant's objection, is: "Any future mental pain or suffering that the jury may believe from the evidence the plaintiff will sustain by reason of injuries received." Now mental pain may be the direct result or concomitant of physical pain. As the court say in City of Chicago v. McLean, 133 Ill. 148, "The body and mind are so intimately connected, that the mind is very often directly and necessarily affected by physical injury. There can not be severe physical pain without a certain amount of mental suffering." Such mental pain as is there described, is a proper element of damage, but mental pain not directly nor necessarily connected with the physical pain, is not a proper element to be considered by the jury in assessing damages.

Appellant's counsel also object that by the instruction the jury are told that, in assessing damages, they may consider "the money necessarily paid, if any, by the plaintiff, in and about endeavoring to be cured of said injuries." There was no evidence that the plaintiff expended any money in trying to be cured. The averment in the declaration is that the plaintiff was obliged to and did lay out large sums of money "in and about procuring the necessary nursing and in and about procuring proper medical attendance for the curing of

her said injuries." There being no evidence that there was any money expended by appellee, as alleged in her declaration, it was error to instruct the jury to consider money so expended. Illinois C. R. R. Co. v. Frelka, 9 Ill. App. 605, 613; City of Joliet v. Henry, 14 Ib. 154, 158; Reed v. C., R. I. & P. R. Co., 57 Ia. 23; Nichols v. D. & D. Ry. Co., 68 Ib. 733; Eckerd v. C. & N. W. Ry. Co., 70 Ia. 353; Duke v. Mo. P. Ry. Co., 99 Mo. 347.

In Reinback v. Crabtree et al., 77 Ill. 182, the court held that when there is no evidence to which an instruction is applicable, it should be refused.

Appellee's counsel suggests that the error was cured by appellant's fifteenth instruction, which informed the jury that they could not allow the plaintiff for any medical attendance or expense; but this position is untenable because, as said by the court in Illinois C. R. R. Co. v. Maffit, *supra*, " In a case where the evidence is conflicting and there may be doubt, each party has an indubitable right to have the jury accurately instructed as to the law of the case; not only that his own instructions shall be proper, but those of the opposite party shall be free from error;" and also because it is impossible to know which of the two instructions the jury followed.

Appellee testified voluntarily in her own behalf in regard to the accident and the injuries which she claimed were produced by it, and as to how it injuriously affected her health. On cross-examination this question was put :

" Mrs. Canevin, has any operation been performed upon you—I mean has any abortion been performed upon you within the last twenty years ? " To which appellee's counsel objected on the ground that the answer might tend to degrade or criminate the witness, which objection the court sustained.

Appellee was then asked the following questions :

" Has any other physician attended you, or operated upon you at any time ?

Has any physician performed any surgical operation upon you during the past twenty years? Or in the past

seventeen years?" To each of which questions appellee's counsel objected, on the ground that it was not proper cross-examination. The witness had testified, in chief, that she had suffered and still suffered from pain in her neck, head and back, which she attributed to the injuries alleged to have been produced by the accident. She also testified that she had a miscarriage seventeen or eighteen years before the trial.

The appellee having attributed her ailments to the injuries received at the time of the accident, appellant had the right to cross-examine her as to matters occurring before the accident, which might have caused or contributed to cause the suffering of which she complained. It was so ruled by this court in W. C. St. R. Co. v. Reddy, 69 Ill. App. 53. The court in that case say: "Where any witness has, expressly or by inference, stated the cause of a result, whether other causes contributed to the result is a proper inquiry on cross-examination." This seems to be a self-evident proposition. The judge who presided at the trial remarked that appellee had virtually stated that "certain physical ailments resulted from the accident," which remark is fully sustained by the evidence. The fact that the plaintiff was the witness intensifies the error, as greater latitude is allowed on the cross-examination of a party than of a disinterested witness. Ottawa, O. & F. R. V. R. R. Co. v. McMath, 1 Ill. App. 429.

This disposes of the last three questions. As to the first question, which was objected to by appellee's counsel on the ground that the answer might tend to criminate the witness, the record shows that this objection was not made by appellee herself, but only by her counsel. Greenleaf, commenting on the privilege of a witness to refuse to answer when his answer might criminate him, says: "But the privilege is his own, and not that of the party; counsel, therefore, will not be allowed to make the objection."

To the same effect is Commonwealth v. Shaw et al., 4 Cushing, 595.

When a witness refuses to answer, on the ground that

Chicago City Ry. Co. v. Canevin.

his answer may criminate him, this is equivalent to a sworn statement that he believes his answer might criminate him, which is not true of a like objection by counsel. But waiving this consideration, the question remains whether appellee had not waived the privilege claimed. It is well settled in criminal cases that if a defendant voluntarily testifies in his own behalf on the merits, he thereby waives his right to protection against compulsory inculpation, and may be required to answer. 1 Greenleaf on Ev., Sec. 451, note a, and cases cited; Wharton on Crim. Evidence, Sec. 432, citing numerous cases; Rapalje on Witnesses, Sec. 269, pp. 443–4; Spies et al. v. The People, 122 Ill. 1, 235.

The rule is the same in civil cases. In Roddy v. Finnegan, 43 Md. 490, which was trespass for assault and battery, Finnegan, the plaintiff, took the stand in his own behalf. On cross-examination objection was sustained to a question put to the witness. The court says: "The witness has the privilege of declining to answer a question that might subject him to a criminal prosecution, but this he can waive. It is the privilege of the witness, not of the party. When he is both party and witness for himself, he must be held, in his cross-examination, as waiving the privilege as to any matter about which he has given testimony in chief."

In Andrews v. Frye, 104 Mass. 234, one of the plaintiffs testified on his own behalf, and on cross-examination declined to answer a question, on the ground that the answer might criminate him. The lower court did not compel him to answer. On appeal, the court, Gray, J., delivering the opinion, says: "This refusal to answer, like any other refusal to produce evidence in his own power, was competent evidence against him and his partner. A party offering himself as a witness in his own behalf, stands differently in this respect from a third person brought into court to testify in a case in which he has no interest."

In Chambers v. The People, 105 Ill. 409, the court holds that a defendant in a criminal case, who testifies as a witness, "is to be examined and cross-examined precisely as other witnesses."

The record contains numerous exceptions to remarks made by appellee's counsel during the trial, and to parts of his closing address to the .jury, which, were it not that the errors already mentioned are decisive of the appeal, we would feel it our duty to consider more particularly. We would suggest, however, that, if the case shall be retried, appellee's counsel may not find it disadvantageous to his client to be more observant of decorum in his remarks to the court, and of moderation in his address to the jury.

Judgment reversed and cause remanded.