The North Chicago Street Railroad Company

*v.*

Lizzie E. Eldridge.

*Filed at Ottawa, May 8, 1894.—Rehearing denied, October Term, 1894.*

1. Negligence—*due care of plaintiff—contributory negligence.* Before a plaintiff can recover on the ground of mere negligence, he must show that the injury of which he complained was caused by the defendant, and that he, himself, at the time, was in the exercise of ordinary care.

2. Where the party injured, at the time of the injury, is in the exercise of ordinary care, no contributory negligence is legally attributable to him, although he may not have been in the exercise of the highest degree of care.

3. In an action based on negligence, the court on its own motion instructed, in substance, that if the defendant was shown to have been guilty of negligence, and that such negligence caused the injury complained of, and it was also shown that the plaintiff was not guilty of any negligence contributing to her injury, the jury should find for the plaintiff; and in one of defendant's instructions it was held, that if the plaintiff had failed to prove that, at the time of the injury, she was in the.

exercise of ordinary care and prudence, she could not recover: *Held*, that these instructions laid down with substantial accuracy the law applicable to the question of negligence of both plaintiff and defendant.

4. In an action against a street railway company for a personal injury of the plaintiff while getting off the car, caused by catching her dress in a bolt projecting above the floor of the car, the car having stopped to allow another car to pass, the court instructed the jury, that although they might believe from the evidence that the plaintiff got off from the car at the north side of D. street, when the usual place for alighting was on the south side of that street, that fact alone would not justify them in finding her guilty of such negligence as would bar a recovery, unless they further believed and found that it was the proximate cause of the injury: *Held*, that there was no error in the instruction.

5. Such instruction is not liable to the objection, that the jury might have been misled by it in supposing that the defendant relied for its defense solely upon the negligence of the plaintiff in getting off on the north side of the street, instead of waiting until her car reached the usual stopping place, especially when the several defenses of the defendant were presented in its instructions. The contention of the defendant, at the trial, that the act of the plaintiff in getting off at the place she did was negligence, made it proper to give the instruction on that point.

6. Same—*what constitutes—a question of fact.* Negligence, in all cases of this character, is a mere question of fact, or, at most, a mixed question of law and fact, and whether the party is negligent in the particular instance, must be found by the jury, and not declared by the court.

7. Whether the mere omission on the part of a defendant to perform a duty which it ought to perform, will render him liable, must depend upon the circumstances of such omission. If shown to have resulted in injury to the plaintiff, the court can not say, as a matter of law, that it, of itself, does not involve the defendant in liability to the plaintiff.

8. In an action by a party against a street railway company to recover for a personal injury received by catching the plaintiff's dress on a bolt projecting from the floor of a car while she was getting off the same, the court was asked by the defendant to instruct the jury, in substance, that if the plaintiff knew, or by the exercise of ordinary care might have discovered the bolt, then her catching her dress on the bolt was negligence *per se*, and must be so declared as a matter of law, which was refused: *Held*, that the instruction was clearly erroneous.

9. In such case, the fact, if it were a fact, that the plaintiff knew, or by exercise of ordinary care might have discovered the bolt upon which she caught her dress, would be evidence tending to prove negligence, but it can not be pronounced negligence as a conclusion of law.

10. In the same case the defendant asked, and the court refused, an instruction, which held, that if the plaintiff's fall and injury were due to her haste in endeavoring to alight from the car on which she was riding, and to cross the defendant's north-bound track ahead of the north-bound car, then she was, as a legal conclusion, guilty of negligence: *Held*, that no doubt the facts stated in the instruction, if proved, constituted evidence tending to show contributory negligence, but they could not be held negligent *pro se*.

11. SAME—*instruction as to contributory negligence.* In the same case the defendant asked, and the court refused, this instruction: "The jury are instructed, as matter of law, that if you believe from the evidence that the plaintiff got off of defendant's car at an improper place, or in an improper manner, and if you further believe that such an action on the part of the plaintiff was a want of ordinary care, which contributed to the injuries complained of, then your verdict must be for the defendant": *Held*, there was no substantial objection to the instruction, and it might properly have been given.

12. EXCESSIVE DAMAGES—*a question of fact—whether considered on appeal.* In an action at law, to recover for a personal injury by negligence, the question of the defendant's negligence as charged, and that of the plaintiff, are not open for consideration in this court. Nor can this court consider whether the damages are excessive, as that necessarily involves questions of fact.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Mr. WILLIAM B. KEEP, for the appellant:

Mr. JOHN F. WATERS, for the appellee:

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case brought by Lizzie E. Eldridge against the North Chicago Street Railroad Company, to recover damages for a personal injury received by the plaintiff while attempting to alight from one of the defendant's cars. The negligence charged in the declaration consisted of the defendant's carelessly and negligently using, for the transportation of its passengers, a car so unfinished and incompleted, and in such bad and unfinished condition, that, by reason thereof, the plaintiff's clothes

were caught on the car while she was alighting therefrom, whereby she was thrown down from and off the car, to and upon the ground, and thereby received the injuries complained of.

The trial, which was had upon a plea of not guilty, resulted in a verdict finding the defendant guilty and assessing the plaintiff's damages at $13,500. While the defendant's motion for a new trial was pending, the plaintiff remitted $3,500 from her damages, and the court thereupon denied the motion, and rendered judgment in favor of the plaintiff for $10,000 and costs. On appeal to the Appellate Court that judgment was affirmed, and this appeal is from the judgment of affirmance.

The evidence tends to show that the plaintiff, at the time of her injury, was a passenger on one of the defendant's cable cars running south on North Clark street. The car was an open one, with the seats running across it, and was entered and alighted from by means of a foot-board suspended upon iron bolts, and running the entire length of the car. The plaintiff was riding on the westerly track, and the car had stopped just north of Division street to allow a Lincoln avenue car to pass in front of it. As the car stopped, the plaintiff, who was desirous of taking a State street horse car, which was standing near, and for which the conductor had given her a transfer, attempted to alight from the easterly side of the car, so as to pass over the easterly cable track to the State street car. It appears that a north-bound cable train was approaching from the south on the easterly track, and was at the time within a short distance. The plaintiff, in getting off the car, was compelled to pass in front of another passenger who was sitting at the easterly end of the same seat, and as she was stepping down from the car, as the evidence tends to show, the bottom of her dress caught on the head of a bolt which was projecting some distance above the floor of the car,

35—151 Ill.

whereby she was held fast, but as her dress was torn from its fastening, she was thrown forward, and after taking three or four steps, sufficient to carry her across the space between the tracks and the easterly track, she was thrown heavily to the ground, and received the injuries complained of.

The facts being conclusively settled by the judgment of the Appellate Court, we must assume that the verdict of the jury is the proper result of the evidence. The question of the defendant's negligence as charged, or of contributory negligence on the part of the plaintiff, is not open for consideration here, as both of those are conclusively settled in the plaintiff's favor. Nor is the contention, that the damages recovered by the plaintiff are excessive, one which can be properly addressed to this court, as that necessarily involves questions of fact which the statute has withdrawn from our appellate jurisdiction. The only questions raised by counsel in his brief which are open for consideration here, therefore, are those which relate to the rulings of the court in the instructions to the jury.

Complaint is made of the first instruction given at the instance of the plaintiff, which was as follows:

"1. Although you may believe that the plaintiff got off from the car at the north side of Division street, when the usual place for alighting was on the south side of Division street, that fact alone would not justify you in finding her guilty of such negligence as would bar a recovery in the case, unless you believe and find that it was the proximate cause of the injury."

We are unable to discover any error in the legal proposition embodied in this instruction. It is true, as has already been noticed, that the car on which the plaintiff was riding was stopped just north of Division street, for the purpose of allowing a Lincoln avenue car to cross the tracks in front of it, and that the plaintiff, instead of waiting until her car reached the south side of Division street and stopped at

the usual place for discharging passengers from cars going south, attempted to alight at the place where the car first stopped. As the car was standing still, and was likely to remain so for a sufficient time for her to get off in safety, it was, so far as we can see, entirely consistent with the exercise of reasonable care on her part, for her to attempt to alight at that place. We are unable to see that her doing so was likely to be attended with any greater danger than would her attempting to leave the car at the usual stopping place on the other side of Division street. It was, therefore, entirely proper for the court to instruct the jury, that her conduct in that respect would not, of itself, justify a finding that she was guilty of such negligence as would bar her recovery, unless the evidence showed that it was the proximate cause of her injury.

But it is suggested that the jury may have been misled by the instruction into supposing that the defendant relied for its defense solely upon the negligence of the plaintiff in getting off on the north side of Division street instead of waiting until her car reached the usual stopping place. We are unable to see how the instruction could have had that effect upon the minds of the jury, especially in view of the fact that, by other instructions given at the instance of the defendant, their attention was specifically called to each of the several defenses relied upon by the defendant. It is admitted that the defendant's counsel insisted at the trial that the plaintiff's alighting north of Division street was, under the circumstances proved, an act of negligence, and in view of that contention, it was proper for the plaintiff to ask and for the court to give an instruction on that point.

Exception was also taken by the defendant to the refusal by the court to give to the jury its fifth, eighth, twelfth, thirteenth and nineteenth instructions. Those instructions were as follows:

"5. The jury are instructed, as a matter of law, that the burden of proof in this case is upon the plaintiff, and if

you believe from the evidence in this case that the negligence of the plaintiff and defendant was equal, or nearly so, then, in such case, your verdict should be for the defendant.

"8. The jury are instructed, as a matter of law, that the mere omission on the part of the defendant to perform any duty which it ought to perform, is not, of itself, sufficient to render the defendant liable.

"12. The court instructs the jury, as a matter of law, that if the plaintiff knew, or might by the exercise of ordinary care have discovered the bolt in question, and the danger, if any, of such bolt, then your verdict must be for the defendant, even though you should believe that plaintiff fell by reason of her catching her dress on such bolt.

"13. The jury are instructed, as a matter of law, that if you believe from the evidence in this case that the plaintiff's fall and injury were due to her haste in endeavoring to get off the car on which she was riding and across defendant's north-bound track ahead of the north-bound car, then the plaintiff herself was guilty of negligence, and can not recover.

"19. The jury are instructed, as a matter of law, that if you believe from the evidence that the plaintiff got off of defendant's car at an improper place, or in an improper manner, and if you further believe that such action on the part of the plaintiff was a want of ordinary care, which contributed to the injuries complained of, then your verdict must be for the defendant."

The proposition embodied in the fifth instruction doubtless finds support in some of the earlier decisions of this court involving what was known as the doctrine of comparative negligence, but by more recent decisions that doctrine has been greatly modified, if not wholly repudiated. The rule to which the court is now committed by repeated decisions is, that a plaintiff, before he can recover on the ground of mere negligence, must show that the injury of

which he complains was caused by the negligence of the defendant, and that he, himself, at the time, was in the exercise of ordinary care. Where the party injured, at the time of the injury, is in the exercise of ordinary care, no contributory negligence is legally attributable to him, although he may not have been in the exercise of the highest degree of care.

In this case, in an instruction given by the court on his own motion, it was held, in substance, that if the defendant was shown to have been guilty of negligence, and that such negligence caused the injury to the plaintiff complained of, and if it was also shown that the plaintiff was not guilty of any negligence contributing to her injury, the verdict of the jury should be for the plaintiff; and in one of the instructions given at the instance of the defendant, it was held, that if the plaintiff had failed to prove that, at the time of the injury, she was in the exercise of ordinary care and prudence, she could not recover. In these instructions the law applicable to the question of negligence, of both plaintiff and defendant, was laid down with substantial accuracy and with sufficient fullness. The fifth instruction was properly refused.

The eighth instruction was a mere abstract proposition, and for that reason there was no error in refusing it. Furthermore, whether the mere omission on the part of the defendant to perform a duty which it ought to perform would render the defendant liable, must depend upon the consequences of such omission. If it was shown to have resulted in injury to the plaintiff, the court could not say, as a matter of law, that it, of itself, did not involve the defendant in liability to the plaintiff.

The twelfth instruction held, in effect, that if the plaintiff knew, or by the exercise of ordinary care might have discovered the bolt in question, then her catching her dress on the bolt was negligence *per se*, and must be so declared, as a matter of law. This was clearly erroneous. Negligence,

in all cases of this character, is a mere question of fact, or, at most, a mixed question of law and fact, and whether the party is negligent in the particular instance, must be found by the jury, and not declared by the court. Doubtless the fact, if it were a fact, that the plaintiff knew, or by the exercise of ordinary care might have discovered the bolt upon which she caught her dress, would be evidence tending to prove negligence, but it can not be pronounced negligence as a conclusion of law.

Substantially the same criticism may be made upon the thirteenth instruction. That instruction held, that if the plaintiff's fall and injury were due to her haste in endeavoring to alight from the car on which she was riding, and to cross the defendant's north-bound track ahead of the north-bound car, then she was, as a legal conclusion, guilty of negligence. Doubtless the facts contained in the hypothesis of this instruction, if proved, constituted evidence tending to show contributory negligence, but they can not be pronounced negligence *per se*.

There is no substantial objection, so far as we can see, to the nineteenth refused instruction, and, in our opinion, it might properly have been given. But as the jury had already been instructed, at the instance of the defendant, that if the plaintiff had failed to prove by a preponderance of the evidence, that she was exercising ordinary care and prudence, she could not recover, the defendant could not have been materially prejudiced by the refusal to give this instruction which held that, if she was guilty of a want of ordinary care in the particular of getting off the car at an improper place, or in an improper manner, she could not recover. An instruction, that if the plaintiff failed to exercise ordinary care in any respect, she could not recover, manifestly included the proposition that if she was guilty of a want of ordinary care in these particulars, she could not recover. The giving of an instruction containing the latter proposition would have added no force to the charge

·of the court to the jury, and would have given the jury no additional light as to the law of the case.

We are able to find no material error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*