## United States Express Co. v. John McCluskey.

1. ORDINARY CARE—*No Recovery Without.*—A person can not recover for personal injuries unless he was in the exercise of ordinary care for his own safety, and the injury resulted from the negligence of the defendant.

2. SAME—*Injuries Must Be Attributable to Defendant's Negligence—Contributory Negligence.*—The injury must be attributable to the defendant's own negligence, and to that alone; if occasioned in any degree by the plaintiff's negligence he is without redress.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court of the First District, at the March term, 1898. Reversed. Opinion filed July 16, 1898.

WILLARD & EVANS, attorneys for appellant.

E. S. CUMMINGS, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This was an action by appellee to recover damages for personal injuries. It is contended that the verdict is manifestly against the weight of the evidence; that there was no negligence on the part of the driver of the wagon; that the negligence of appellee was not only contributory, but the actual cause of the accident; and that the Circuit Court erred in refusing to instruct the jury to find a verdict for the defendant.

The accident occurred about 2 P. M. of October 21, 1893. Appellee had left the northwest corner of Clark and South Water streets, Chicago, and started east to cross Clark street. The wagon of the express company was upon the west track of the street railway company, coming down the

incline from the bridge, with other wagons behind it.   One of these latter " seemed to be in a greater hurry than the express wagon, which was immediately before it," and pulled out from its place in the rear into the vacant space between the curb and the car track.   Appellee saw this wagon pull out of the line, and says he crossed in front of it, "intending to stay there for an opportunity to cross again through the space made vacant where this wagon pulled out."   He had plenty of time, according to his statement, to pass in front of the wagon which had thus pulled out of line, but there was another wagon backed in there standing diagonally, and the advancing wagon " pulled too close to the express wagon " to allow room for him to stand between them.   Appellee made no outcry and gave no alarm, but finding himself, as he says, in a trap, started to cross in front of the appellant's wagon, when the latter was so near him that he "had to make a little detour to get in front past the horse."   He testifies that the driver was " driving down slowly," and he succeeded in getting nearly over, but was struck and knocked down and was run over by the east wheel of the express wagon.

The statement of the driver does not materially differ as to these facts from that of appellee, except that he says he did see the latter while he, the driver, was coming down the incline.   He says :   " At the time I saw him he walked * * * within two or three feet of the street car track and stood there.   * * *   When I was within seven or eight feet of him he stopped.   * * *   I thought he was going to stay there.   He stopped as though he intended to let me pass.   Just as I got within two or three feet of him he started to cross, and made a kind of jump forward.   I hollered at him, but he went right ahead.   * * *   He jumped suddenly, as I didn't expect it; he got right in front of the horse."

Appellee's counsel contends that the driver was negligent, because it is said he was driving with loose reins, was engaged in conversation and not "looking where he was going," and because his horse was going at a slow trot. Appellant's testimony is in conflict with that of the appel-

pellee's witnesses in these respects.   But assuming that the
facts are as claimed by appellee's counsel, it does not appear
that such alleged negligence caused or contributed to the
accident.   Appellee did not start to pass in front of the
wagon until it was so close to him that he had to make a
detour to get in front of the horse.   He did not give any
warning of his intention to cross.   His conduct gave the
driver no reason to suppose that he intended to do so.   He
says himself that he had not so intended.   The horse at the
most was going at a slow trot.   Apparently appellee was
standing in a place of safety.   To charge the driver with
negligence it would be necessary for him to have notice of
the intention of the appellee to cross, " at least long enough
before the injury inflicted to have enabled him to have
formed an intelligent opinion as to how the injury might be
avoided and apply the means."   C., B. & Q. R. R. Co. v.
Johnson, 103 Ill. 512.

It is said that if the driver had been driving with tight
lines and slowly, and had been looking at appellee, he would
have been able to stop short.   There is no testimony to
support this contention.   It does not appear that the wagon
was not stopped as soon as it could be done at the rate of
speed with which it was proceeding, and that was slow

But appellee can not recover in this case unless he was in
the exercise of ordinary care for his own safety, and the
injury resulted from the negligence of the defendant.   L.
S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546-566.

As has been said, " the injury must be attributable to the
defendant's own negligence, and to that alone; if occasioned
in any degree by the plaintiff's negligence, he is without
redress."   N. J. Exp. Co. v. Nichols, 33 N. J. L. 434-439;
Chicago City Ry. Co. v. Canevin, — Ill. App. —, and cases
there cited.

It is clear that appellee placed himself in the position of
danger which resulted in his being injured.   He was not
obliged to pass in front of the wagon, which he saw had
pulled out of the line, and thus place himself in what he
calls a trap.   The condition apparently could easily have
been foreseen had he looked ahead before starting to cross.

If, when he found himself in a dangerous place, he had called out to the drivers of both wagons, as he had, apparently, ample time to do, and had then been negligently run down by either of them, a different question might have been presented. This is a case where, in our opinion, the conclusion that the appellee was negligent, and that such negligence contributed directly to the injury, necessarily results from the facts, and the court must say so as a matter of law. C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 586–597; Hoehn v. C. P. & St. L. Ry. Co., 152 Ill. 223–229; Ward v. C. & N. W. Ry. Co., 61 Ill. App. 530–534; Chicago City Ry. Co. v. Canevin, — Ill. App. —.

The judgment of the Circuit Court is reversed without remanding.