## William Webb v. Chicago City Ry. Co.

1. Contributory Negligence—*Plaintiff Guilty of, Can Not Recover.* —Where the evidence shows that a plaintiff was guilty of negligence which contributed to his injury he can not recover.

2. Same—*What is.*—A person influenced in his action by the call of some one on the street so that he stops and stands in the middle of a street car track immediately in front of an approaching train, is guilty of negligence contributing to his injury.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Verdict and judgment for defendant by direction of the court: error by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed July 11, 1899.

**Statement.**—This is an action of trespass on the case brought by plaintiff in error to recover damages for injuries, claimed to have been received the evening of the 7th of July, 1896, upon Wabash avenue, at a point near where Harmon court crosses or intersects said Wabash avenue, in the city of Chicago.

The declaration has three counts: The first count avers that plaintiff (1) was in the exercise of due care and caution for his own safety; (2) that there was no fault or negligence on his part; (3) that the defendant, by its servants, so carelessly and negligently managed its grip-car and train, that said grip-car "ran into" plaintiff and injured him.

The second count avers that defendant recklessly, wantonly and willfully ran said train of cars against the plaintiff.

The third count avers that defendant was negligent in failing to provide and equip the cars with fit and proper brakes, etc., whereby the train could be controlled.

Plea, not guilty; trial by jury. At the conclusion of plaintiff's case defendant moved the court to instruct the jury to find the defendant not guilty, which motion was sustained, and the jury thus instructed, and a verdict returned accordingly.

The plaintiff was seventy-two years old and had been blind twenty-five years. The accident occurred about eleven o'clock at night July 7, 1896, on Wabash avenue, Chicago, in the vicinity of Harmon court. Plaintiff says that he started to cross from the west to the east side of Wabash avenue. The testimony of all the other witnesses shows that in this he was mistaken. He started to cross from the east to the west side of Wabash avenue. He also states that when injured he was "right on the crossing" where Harmon court crosses Wabash avenue. In this he is undoubtedly mistaken. The other witnesses who saw this accident say

that it occurred north of the Harmon court crossing; they varying in their statement from from sixty to two hundred feet.

Plaintiff's hearing was good.    He says that he listened but heard no car coming on the south bound track.    The grip-car which struck him was going south.    He says that when he started to cross the street some man said to him, " It is all right, Uncle Billy;" that when he got to the middle of the street some other man hollered " Look out," and that then he stopped and partly turned " around," and was struck by the grip-car.

Blaisdell & McCaskill, attorneys for plaintiff in error.

William J. Hynes and Samuel S. Page, attorneys for defendant in error.

Mr. Justice Horton delivered the opinion of the court.

For the purposes of this case and in this opinion we shall assume that the employe of defendant in charge of the grip-car was guilty of negligence.    There is no evidence to establish the averments in the second and third counts in the declaration which charge defendant with recklessly, wantonly and willfully running its train against the plaintiff, or with failing and neglecting to provide its cars with serviceable brakes, etc.    Neither do plaintiff's attorneys in their brief and argument contend that the testimony establishes any liability under the averments in said second and third counts.

The question then is, did the testimony show that the plaintiff was guilty of negligence which contributed to the injury ?    The rule is now well settled in this State that if he was, he can not recover.    At the April term, 1858, the Supreme Court of this State reversed this rule which had theretofore obtained and substituted the rule of comparative negligence.    G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478. But at the November term, 1885, the Supreme Court announced the rule of contributory negligence as being the

law of this State, and renounced the rule of comparative negligence. C. I. & S. Co. v. Martin, Admx., 115 Ill. 358. Since that case this rule has been repeatedly announced, and may now be considered as being the settled law of the State. L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546, 556; N. C. S. R. R. Co. v. Eldridge, 151 Ill. 542, 549; Ch. City Ry. Co. v. Canevin, 72 Ill. App. 81, 84.

We are unable to escape the conviction that as regards the defendant the plaintiff was guilty of negligence which contributed to the injury. Plaintiff was not crossing the street at a regular street crossing. There was no car or vehicle upon the street in that immediate vicinity at the time of the accident except the grip-car which struck the plaintiff. Yet he says that he did not hear this car at all. Why? It is a matter of common knowledge that if a man possessing the sense of hearing tries to do so, he can hear a grip-car train a considerable distance. Plaintiff says that he could at that time hear street cars a long distance. It is a fact of general knowledge that where one faculty is impaired or destroyed, the other faculties become especially acute. For twenty-five years this unfortunate plaintiff had been deprived of his sense of sight. He had therefore been compelled to depend largely for his personal safety upon his sense of hearing. This accident was in the night time when there were but few vehicles upon the street. If he had paid attention, it must be that he would have heard the approaching train.

He may have been put off his guard by the call to him by some party unknown to the record in this case. He says he met that person near the street corner; that he walked about six feet further, when that person said to him, "Far enough; all right there, Billy; now go across; nothing coming, Uncle Billy." He probably was misled by this. If he was, and this caused him to be careless as to listening to hear the approaching train, defendant is not to be charged therewith. As a question of law it makes no difference what caused the plaintiff to be negligent or careless. It seems certain that the man who told plaintiff it was all right was careless. But that can not be imputed to defendant.

The plaintiff started to cross the street after the unknown party told him it was all right.   He says:

" I got about the middle of the street and somebody hollered from the opposite corner, 'Look out.'   I stopped and partly turned around, partly turned sideways to listen to what he said, and I was struck by the car."

Upon cross-examination this question was asked:

" When he said 'Look out,' had you known that you were in the middle of the track ?"

He answered:

" I knew I was in the middle and I turned off this way (indicating southwest), and I thought I was off far enough. I turned to listen to what he meant.   I listened to hear if anything was coming and I didn't hear anything."

His sense of hearing at that time was good.   He says he could hear street cars running a long distance.

Again the plaintiff was influenced in his actions by a call from some person on the street, so that he stopped and stood in the middle of the track, immediately in front of the approaching train.   That was negligence which contributed to produce the injury.

The defendant can not be held to be responsible for the advice of the two men who spoke or called to plaintiff. The acts of the plaintiff undoubtedly contributed to produce the injury.   As to the defendant, those acts constitute negligence.   Therefore, under the rule of law in this State, the plaintiff can not recover.

The judgment of the Superior Court is affirmed.