Chicago Title & Trust Co. v. Standard Fashion Co.

---

## Chicago Title & Trust Co., Adm'r, v. The Standard Fashion Co.

1. ACTIONS—*For Personal Injuries—What is Necessary in Order to Recover.*—Two things are necessary in order to recover in actions for personal injuries; it must appear that the injury resulted from the negligence of the defendant and there must be an absence of negligence contributing to the injury on the part of the injured person.

2. NEGLIGENCE—*When it Becomes a Question of Law.*—Negligence becomes a question of law where from the facts admitted or conclusively proved, there is no reasonable chance of different reasonable minds reaching different conclusions, or where a single material fact is conclusively shown or uncontradicted, which is conclusive as to the right of recovery.

3. SAME—*Court to Decide When it is a Question of Law.*—It is the duty of the court and not a function of the jury to determine when negligence becomes a question of law.

4. VERDICTS—*Where the Court Should Direct for the Defendant.*— Where the evidence with all the inferences that the jury can justifiably draw from it is so insufficient that in case a verdict should be returned for the plaintiff the court will be obliged to set it aside, it is the duty of the court to take the case from the jury and direct a verdict for the defendant.

**Trespass on the Case.**—Death from negligent act. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 13, 1903.

This was an action on the case brought by the Chicago Title and Trust Company, as administrator of the estate of Giovanni Pavese, against the Standard Fashion Company, a corporation. The defendant pleaded the general issue. At the conclusion of the plaintiff's evidence the court directed a verdict of not guilty, and entered judgment in favor of the defendant from which this appeal is prosecuted.

136    APPELLATE COURTS OF ILLINOIS.

VOL. 106.] Chicago Title & Trust Co. v. Standard Fashion Co.

The deceased, Giovanni Pavese, an Italian, was engaged as a paper gatherer, at No. 178 State street, in the city of Chicago, in a building of five floors and a basement occupied and controlled by the defendant. The deceased was in the habit of going to the third floor of this building, which was the shipping floor, to gather waste paper into a bag and carry it away. It does not appear that he was an employe of the defendant. The paper was given to him in consideration of his taking it away. The building contained an elevator under the control of the defendant, which was used to carry freight, and also by the defendant's employes. The east side of the elevator shaft was closed, and there was a brick wall on the south and west sides of the shaft. On the third floor (the shipping floor) there was a double door entrance to the elevator, the door having a lock generally fastened. It is said that this door on the third floor could be pried open from the outside. The elevator was operated by an electric motor, and was stopped and started by a cable. It was generally in charge of one Whitely, the janitor. The morning of December 9, 1898, at the time of the death of Pavese, Whitely was in the basement in company with two shipping clerks of the defendant. At this time the elevator car, which was on the basement floor, was seen to start up. Apparently under the impression that some one of the defendant's employes who were in the habit of using it had started it upward for their own use, no attempt was made to stop it, and about a minute later the body of a man fell down through the elevator shaft to the basement, which was later identified as that of Pavese, the Italian paper gatherer. After the accident the bag of paper of the deceased was found on the third floor. Both doors to the elevator were found open. A panel above the elevator door had been knocked out, a bolt pulled down from the top of the door, and the paneling between the door and the ceiling was knocked out.

A. L. GETTYS and ALBERT KOCOUREK, attorneys for plaintiff in error.

Samuel M. Booth, attorney for defendant in error.

Mr. Justice Freeman delivered the opinion of the court.

It is contended by appellant's attorneys that the evidence shows a state of facts which should have been submitted to a jury, viz., that the defendant's janitor was in charge of the elevator; that he knew the elevator car was starting upward presumably through some human agency; that the deceased was rightfully on the third floor; that the said janitor had sufficient time to stop the elevator before the accident occurred; that the condition of the elevator after the accident showed it had in some manner caused the death of the deceased, and " that it is impossible to determine definitely from the evidence the manner in which the accident occurred, or the primary cause." We are unable to find in these circumstances any evidence whatever of negligence on the part of the defendant contributing to the injury. Appellant's contention seems to be because the janitor, who, it is said, was in charge of the elevator, saw it start upward without his co-operation, that in some way not explained, by some occult agency, he must be presumed to have had knowledge of the danger to which the deceased was exposing himself and ought to have intervened; and his neglect to stop the elevator is characterized as approaching " a degree of recklessness, willfulness and wantonness that was entirely inexcusable and unjustifiable." We find in the evidence no justification for any such charge. There is evidence not disputed that appellee's employes were in the habit of using the elevator, and the janitor—assuming him to have been responsible for its management—had no reason to suppose that any one other than some of his fellow employes had started it for their own use. There was nothing in the fact, if fact it was, that such a method of starting may not have been a regular way of using the elevator, to lead him or any one to suppose that a stranger, not known to be in the building, had broken or pried open a door on the third floor, and was not only starting the elevator himself without authority, but was about to put him-

138 · Appellate Courts of Illinois.

Vol. 106.] Chicago Title & Trust Co. v. Standard Fashion Co.

self in a position where its ascending motion would bring it in fatal contact with his own person. There was no danger, so far as appears, from the mere ascent of the elevator. The deceased would not have been hurt if he had not put himself in its way. It might, for aught this record discloses, have gone on to the top of the shaft and there stopped automatically, without harm to him or itself, had the deceased kept out of its way. We find nothing in the evidence which should have, put the janitor on his guard or even suggested to him that the ascent of the elevator would endanger any one. Not only is there no evidence of negligence contributing to the injury on the part of the defendant, but the accident seems to have been caused solely by the improper and apparently negligent conduct of the deceased. He appears, so far as can be determined from the conditions found after the accident, to have forced or pried open the elevator doors on the third floor, to have pulled the cable causing the elevator to move upward, and then to have placed himself, probably inadvertently, in such a position that he was caught between the ascending car and some portion of the shaft, thus receiving fatal injuries. Under such circumstances appellant can not recover.

Two things are necessary to recover in actions of this character. It must appear that the injury resulted from the negligence of the defendant and there must be an absence of negligence, contributing to the injury on the part of the injured person. L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546; N. C. S. R. R. Co. v. Eldridge, 151 Ill. 542–549; C. C. Ry. Co. v. Canevin, 72 Ill. App. 81–84, *et seq.*; U. S. Express Co. v. McCluskey, 77 Ill. App. 56–58. Negligence becomes a question of law where from the facts admitted or conclusively proved, there is no reasonable chance of different reasonable minds reaching different conclusions, or where a single material fact is conclusively shown or uncontradicted, which is conclusive as to the right of recovery. Wabash Ry. Co. v. Brown, 152 Ill. 484–488. The conduct of the deceased in this case, if not positively shown to be so clearly and palpably negligent that all reasonable minds

Chicago Title & Trust Co. v. Standard Fashion Co.

would without hesitation or dissent so pronounce it, was clearly the sole cause of the injury he received. (See T. H. & I. R. R. Co. v. Voelker, 129 Ill. 540–552.) But whether so or not, there is here no evidence of any negligence in the defendant relating to the injury. Where the evidence with all the inferences that the jury could justifiably draw from it is so insufficient that in case a verdict should be returned for the plaintiff the court would be obliged to set it aside, it is the duty of the court to take the case from the jury and direct a verdict for the defendant. L. S. & M. S. Ry. Co. v. Johnsen, 135 Ill. 641–647; Rack v. Chi. City Ry. Co., 173 Ill. 289–291; Offutt v. Columbian Exp., 175 Ill. 472–474; Wenona Coal Co. v. Holmquist, 152 Ill. 581–589.

Appellant's attorneys in their brief use the following language: "There is a tendency apparent in trial courts, much to be deplored, to ignore the functions of the jury and pronounce summary judgment;" and further: "The impairment of the sovereignty of the jury to deal with the facts is  *  *  *  a species of judicial usurpation and tyranny entirely opposed to the institutions of the common law and destructive of the independence of the jury system." It is then argued that whether a particular case falls within the legal definition of negligence is a matter for the jury. That it is the duty of the court, and not a function of the jury to determine when negligence becomes a question of law, for the court is, we have supposed, axiomatic, and there is in the case at bar no occasion for remarks of the character of those above quoted. The trial court would have failed in its duty had it not directed a verdict as it did for the defendant. That a person is injured by his own negligence or by a mere accident without negligence of any one else, has never, so far as we have been advised, entitled him to ask a jury to award damages against an innocent party. Something more than a disappointed hope of obtaining a verdict in spite of the facts, and in violation of every principle of law and justice applicable, is necessary to warrant interference by a reviewing court.

The judgment of the Superior Court will be affirmed.