MICHAEL J. MALONEY et al.

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 23, 1907.*

1. CONSPIRACY—*what does not amount to conspiracy under the statute.* An agreement by two or more persons to do an illegal act which is not in its nature injurious to public trade, morals, health, police or the administration of public justice, does not constitute a conspiracy, as defined in section 46 of division 1 of Criminal Code.

2. SAME—*the allegation that illegal act was "injurious to public morals" is material.* In an indictment for conspiracy under section 46 of division 1 of the Criminal Code, alleging that the illegal act was injurious to public morals, the words "injurious to public morals" are essential, and cannot be rejected as surplusage in case the particular act laid under the *videlicet* is not injurious to public morals.

3. SAME—*what is not offense contra bonos mores.* To threaten, verbally, to accuse a person of crime for the purpose of extorting money from him is not an offense *contra bonos mores,* but is an offense, both at common law and by statute, against public justice.

4. SAME—*when indictment for conspiracy is void.* An indictment for conspiracy to do an illegal act "injurious to the public morals, to-wit, to threaten, verbally," to accuse a certain person of crime for the purpose of extorting money from him, is void under the rule that where the statement laid under the *videlicet* is material and enters into the substance of the description of the offense, it must be consistent with and not repugnant to the preceding charge.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

GEORGE H. SUGRUE, and S. F. CREWS, for plaintiffs in error.

W. H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (HOBART P. YOUNG, and ROGER SHERMAN, of counsel,) for the People.

229 — 38

Mr. JUSTICE VICKERS delivered the opinion of the court:

Plaintiffs in error, Michael J. Maloney and Isaac Hartman, together with Harry S. Nye and Charles Mitchell, were indicted by the grand jury of Cook county, under section 46 of the Criminal Code, for conspiracy. The indictment, omitting the formal parts, charged that the parties named, "unlawfully, feloniously, fraudulently, maliciously, wrongfully and wickedly did conspire, combine, confederate and agree together and with each other to do an illegal act then and there injurious to the public morals, to-wit, to maliciously threaten, verbally, one Lawrence Erhart to accuse him, the said Lawrence Erhart, of a crime, to-wit, the infamous crime against nature, with intent to extort money from him, the said Lawrence Erhart, contrary to the statute and against the peace and dignity of the same People of the State of Illinois." A motion to quash being overruled, defendants were put upon their trial, and Maloney, Nye and Hartman were found guilty. Motions for a new trial and in arrest of judgment were overruled and judgment was pronounced on the verdict, sentencing Hartman and Maloney to the penitentiary. A writ of error was prosecuted by them to the Appellate Court for the First District, where the judgment of the trial court was affirmed. The present writ of error has been sued out to secure a review of the proceedings by this court.

The only question seriously insisted upon by plaintiffs in error is, that the court erred in overruling the motion to quash the indictment.

Section 46 of the Criminal Code provides: "If any two or more persons conspire or agree together * * * to obtain money or other property by false pretenses, or to do any illegal act injurious to the public trade, health, morals, police, or administration of public justice, * * * or to commit any felony, they shall be deemed guilty of a conspiracy; and every such offender, whether as individuals or as the officers of any society or organization, and every

person convicted of conspiracy at common law, shall be imprisoned in the penitentiary not exceeding five years, or fined not exceeding $2000, or both."

It will be noted that plaintiffs in error are charged in the indictment with an illegal act injurious to the public morals, and the alleged illegal act is described under a *videlicet* as to "maliciously threaten, verbally, one Lawrence Erhart to accuse him, the said Lawrence Erhart, of a crime, to-wit, the infamous crime against nature, with intent to extort money from him, the said Lawrence Erhart, contrary to the statute," etc. Section 47 of the Criminal Code recognizes the crime against nature as infamous, and provides that it shall subject the offender to punishment by imprisonment in the penitentiary for a term of not more than ten years. Section 93 of the Criminal Code provides: "Whoever, either verbally or by written or printed communication, maliciously threatens to accuse another of a crime or misdemeanor, * * * with intent to extort money, * * * shall be fined in a sum not exceeding $500 and imprisonment not exceeding six months."

It is conceded by defendant in error that a conspiracy formed for the purpose of extorting money from another by threatening to accuse such other person of a crime is not an illegal act *contra bonos mores,* but it is insisted that the phrase, "injurious to public morals," may be rejected as surplusage and that the indictment would still contain all of the essential elements of a charge of conspiracy. We cannot assent to this view. An indictment charging a conspiracy to do an illegal act which in its nature could not be injurious to public trade, health, morals, police or the administration of public justice, and not to commit any felony, would not be a conspiracy under our statute. The statute seems to be leveled at and limited to illegal acts which in their usual and ordinary tendencies are injuries to the public trade, health, morals, police or the administration of public justice, and the character of the illegal act in this

regard enters into the definition and qualifies the illegal act by limiting it to the classes of illegal acts mentioned in the statute. If defendant in error's position is sustained, then any illegal act which is prohibited by the statute may become, when two or more persons are charged together, the subject of an indictment for conspiracy and subject the offender to imprisonment in the penitentiary, or a fine of $2000, or both. Our statutes prohibit the obstruction of a public highway, carrying concealed weapons, killing game in certain seasons of the year, and many other things that might be mentioned. Such acts are illegal because prohibited by statute. The conviction of any such offenses is followed by the penalties severally fixed thereto by the statute, usually a fine. Can it be contended that if two or more persons combine and agree together to commit any of these or other like offenses they may be indicted for a conspiracy and imprisoned in the penitentiary under section 46 of the Criminal Code? Certainly not, unless it could be said that such illegal act also had the quality of being "injurious to the public trade, health, morals, police or administration of public justice."

Since, as we have sought to show, it is not sufficient, under section 46, to charge, merely, that the act was illegal to accomplish which the alleged conspiracy was formed, but it is necessary to set forth in the indictment the particular character of the illegal act as being injurious to the public trade, health, morals, police or administration of public justice, it therefore follows that where a conspiracy to do an illegal act injurious to the public morals is charged, as in the case at bar, the words "injurious to the public morals," being essential to the definition and necessary to characterize the act charged, cannot be rejected as surplusage. The indictment in the case before us properly charges an illegal act "injurious to the public morals," and this is followed by an averment stated under a *videlicet* charging that the particular illegal act which was then and there injurious to

the public morals, was to "maliciously threaten, verbally, one Lawrence Erhart to accuse him * * * of the infamous crime against nature, with intent to extort money from him, * * * contrary to the form of the statute," etc. The act stated under the *videlicet* is repugnant to the preceding matter. To threaten, verbally, to accuse another of a crime is not an offense *contra bonos mores,* but is an offense, both at common law and under our statute, against public justice, and is so classified. Under the head of offenses against public morals, Bishop, in his work on Criminal Law, mentions keeping of bawdy houses; the public exhibiting or publishing of obscene pictures and writings; the public utterance of obscene words; the indecent and public exposure of one's person or the person of another; night walking; public selling and buying a wife; immoral public shows, and, more broadly, every public show and exhibition which outrages decency, shocks humanity or is contrary to good morals; cock fighting; gaming, and keeping of disorderly houses. And as corrupting to public morals and disturbing to the sensibilities are such acts as casting a human dead body into a river, and other offenses against sepulture. (See 1 Bishop on Crim. Law, sec. 500.) Speaking of acts calculated to corruptly divert the course of justice in our courts, Bishop, in his work on Criminal Law, (vol. 2, sec. 219,) says: "A conspiracy to indict one falsely or to procure any process against one for the purpose of oppression or private ends, or in any way to fabricate or suppress testimony in a court of justice or to prevent a prosecution, is an indictable offense." There is in this indictment a contradiction and repugnancy between the clause which charges the particular act committed and the clause which alleges that the act was injurious to the public morals. Neither of these clauses can be rejected as surplusage. The rule on this subject is, that if the statement laid under the *videlicet* is material and enters into the substance of the description of the offense, and is impossible or inconsistent

with the premises, then the indictment is void. (1 Bishop on New Crim. Proc. sec. 406, and cases there cited.)

In our opinion the indictment in this case cannot be sustained, and the court erred in overruling the motion to quash the same.

The judgment is reversed.     *Judgment reversed.*