616

The People of the State of Illinois, Plaintiff in Error, *vs.* Sam Gordon *et al.,* Defendants in Error.

*Opinion filed September 22, 1961.*

Benjamin S. Adamowski, State's Attorney, of Chicago, (Francis X. Riley and Alan S. Gantz, Assistant State's Attorneys, of counsel,) for the People.

Frank G. Whalen, of Chicago, for defendants in error.

Mr. Chief Justice Bristow delivered the opinion of the court:

By this writ of error the People seek reversal of a judg-

ment of the criminal court of Cook County which quashed an indictment and discharged the defendants named therein. The writ was originally prosecuted to the Appellate Court but because of a constitutional question, involving the problem of whether the indictment was so indefinite as to violate section 9 of article II of the Illinois constitution, (see: *People* v. *Rice,* 383 Ill. 584,) the cause was transferred to this court. However, the view we take of the other issues raised makes a determination of the constitutional issue unnecessary. Where a case can be decided without doing so, we will not consider constitutional questions. *People* v. *Metcoff,* 392 Ill. 418; *People* v. *Chiafreddo,* 381 Ill. 214.

The indictment in question was in two counts. Count I, charging the statutory crime of conspiracy provided for in section 46 of division I of the Criminal Code, (Ill. Rev. Stat. 1959, chap. 38, par. 139,) alleged that the defendants, sixteen in number, conspired together with other persons to do divers illegal acts injurious to the public morals, and further set forth that the objects of the conspiracy were to keep a common gaming house, and to keep a handbook, in a certain building located in Niles Township, Cook County. Count II contained the same allegations except that it charged a common-law crime of conspiracy to do acts injurious to the public morals. The primary issue presented is whether the indictment was sufficient to charge the crime of conspiracy either under the statute or at common law.

From our decision in *People* v. *Dorman,* 415 Ill. 385, it may be immediately concluded that the charge in the indictment relating to a conspiracy to keep a handbook fails to charge a crime. We held there that a conspiracy for such a purpose was not an indictable offense at common law, and also that it was not the legislative intent that our conspiracy statute should extend to bookmaking. No compelling authority or argument has been presented to cause a departure from those views and, moreover, we are of the opinion the same conclusions are to be reached with regard to the allega-

tions of the indictment purporting to charge a conspiracy to keep a common gaming house.

As was true in *Dorman,* we are confronted with a situation where a conspiracy to keep a common gaming house has not been prohibited by specific language, either in our statute or in any part of the common law which has come to our attention. Instead, we are asked to read that prohibition into both our statute and the common law by a broad construction of the general and sweeping terms which make it a crime to conspire to do acts that are "illegal" and "injurious to public morals." Apart from the evils of such a broad construction commented upon in the *Dorman case* when it was at Appellate Court level, (*People* v. *Dorman,* 347 Ill. App. 317,) we believe that such an assumption is not easily made in the absence of precedent or specific legislative authority, particularily when we consider the general and constitutional conceptions of requisite certainty in our criminal law.

Insofar as our statute is concerned, both this court and the Appellate Court held in the *Dorman case* that the intent of the legislature was not clear and, in the face of such uncertainty, applied the doctrine of *ejusdem generis* to hold that the words "to do any illegal act injurious to public morals" did not state a separate offense, but were general words limited to the specific offenses previously set forth in the conspiracy statute. The keeping of a common gaming house, like the keeping of a handbook, is not one of the specific offenses listed. Up to the time the present indictment was filed, the legislature had taken no steps to correct or alter the uncertainty that was judicially found to exist in the statute.

As we have stated before, we have found no authority to support a finding that a conspiracy to keep a common gaming house was an indictable offense at common law. Indeed, gaming in and of itself was not a crime at common law, (38 C.J.S., Gaming, sec. 80,) and the only statute cited to us

for authority that it was an offense at common law to keep a common gaming house, *viz.*, 33 Hen. VIII, chap. 9, sec. 11 (1541), likewise made it an offense to maintain places for tennis or bowling, the stated purpose of the act being to encourage archery. (Pickering's Statutes at Large, 1762, vol. 5, pp. 80-81.) We cannot say, with so tenuous a basis, that the keeping of a common gaming house was, at common law, an offense that was considered injurious to the public morals within the crime of conspiracy.

Furthermore, we are again faced with the incongruous situation that existed in *Dorman* where the penalty for either statutory or common-law conspiracy is far more severe than the penalty for the offense which is the object of the conspiracy. Specifically, the penalty for conspiracy may be as much as a $2000 fine and confinement in the penitentiary for a term of five years, (Ill. Rev. Stat. 1959, chap. 38, par. 139,) whereas for a first offense of keeping a common gaming house the penalty upon conviction is merely a fine of not less than $100. (Ill. Rev. Stat. 1959, chap. 38, par. 325.) We think this circumstance is indicative that the legislature did not intend the conspiracy statute to include the offense of keeping a common gaming house.

So far as a conspiracy to keep a gaming house is concerned, we are of the opinion that neither our statute nor the common law is sufficiently definite to sustain the indictment. Accordingly, the judgment of the criminal court of Cook County quashing the indictment is affirmed.

*Judgment affirmed.*